PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

AO 243 (Rev. 2/95)

| UNITED STATES DISTRICT COURT | District | B-03-032 |
|---|---|---|

| Name of Movant *Allison Noel Bowen* | Prisoner No. *11501-179* | Case No. *CRB-01-488* |
|---|---|---|

Place of Confinement *Cedar Hill Unite, Big Spring Tx 79720, 3711 Wright Ave.*

UNITED STATES OF AMERICA        v.    *Allison Noel Bowen*

(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack *U.S.D. Court for th.* *Southern District of Texas Brownsville Division*

2. Date of judgment of conviction *February 5, 2002.*

FEB 05 2003

3. Length of sentence *46 Months.*

4. Nature of offense involved (all counts) *Attempt Illegal Reentry 8 U.S.C. 1326 (A) and* *(B), Count (2) making a false claim of United States Citizenship, in violation* *of 18 U.S.C. 911*

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☑
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:
   *Count one Attempt Illegal Reentry 8 U.S.C. 1326 (A)*

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐        No ☑

8. Did you appeal from the judgment of conviction?
   Yes ☑        No ☐

AO 243 (Rev. 2/95)

9.  If you did appeal, answer the following:

    (a) Name of court _United States Court of Appeals for the Fifth Circuit_

    (b) Result ~~No answer as yet~~ _denied_

    (c) Date of result ~~Pending~~ _December 12, 2002_

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

    Yes ☐    No ☑

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _N/A_

        (2) Nature of proceeding _N/A_

        (3) Grounds raised _The "Felony" and "Aggravated Felony" provisions found at 8 U.S.C. 1326 (A) (i) and (b) (2) are unconstitutional._

        (4) Did you receive an evidentiary hearing on your petition, application or motion?

            Yes ☐    No ☑

        (5) Result _____

        (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court _____

        (2) Nature of proceeding _____

        (3) Grounds raised _____

AO 243 (Rev. 2/95)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐        No ☐

    (5) Result _____

    (6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.        Yes ☑        No ☐
    (2) Second petition, etc.      Yes ☐        No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

    <u>Caution:   If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.</u>

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(h) Denial of right of appeal.

A.    Ground one: *Denial of Effective Assistance of Counsel. Counsel Should have argued Mr. Bowen Cultural Assimilation*

Supporting FACTS (state *briefly* without citing cases or law) : *See Memorandum*

_____

_____

_____

_____

B.    Ground two: *Denial of Effective Assistance of Counsel. Counsel should have known, and argued that under recent Supreme Court Law that the maximum Pelanty Applicable to this Case is Two years.* *See Memorandum.*

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

C.    Ground three: *Denial of Effective Assistance of Counsel. Counsel knew or Should have known of the 9th Cir. Ruling in United States v. Pacheco-Medina 212 F.3d 1162 (9th Cir. 2000)* *See Memorandum*

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

AO 243 (Rev. 2/95)

D.    Ground four: *Motion to Show Cause and Application for waiver of Deportation Under 212(c)*

Supporting FACTS (state *briefly* without citing cases or law) *See motion 212 (c)*

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☑    No ☑ *NO.*

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a) At preliminary hearing *Rudy X Rodriquez*

(b) At arraignment and plea *Rudy X Rodriquez*

(c) At trial _____

(d) At sentencing *Rudy X Rodriquez*

(6)

AO 243 (Rev. 2/95)

(e) On appeal _____ *Timothy Crooks*

(f) In any post–conviction proceeding _____ *N/a.*

(g) On appeal from any adverse ruling in a post–conviction proceeding _____ *N/a.*

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐     No ☑

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐     No ☑

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: *February 5, 2002.   46 months*

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐     No ☑

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on
~~September~~ *January 23, 2003.*
(Date)

_____ *a. Bowen*
Signature of Movant

1
2
3
4
5

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| **ALLISON NOEL BOWEN,** ) | |
| **Movant/Petitioner,** ) | **Case No. CR  B-01 - 488** |
| **VS.** ) | |
| **UNITED STATES OF AMERICA,** ) | **Motion To Vacate, Set Aside** |
| **Plaintiff/Respondent.** ) | **and Correct Sentence, Pursuant to** |
| ) | **28 U.S.C. §2255** |
| ) | |
| ) | |
| ) | |
| _____ ) | |

6
7  _____
8

9  **COMES NOW** Petitioner, Allison Noel Bowen, acting in propria persona, respectfully

10  Moves this Honorable Court to vacate, set aside and correct sentence

11  pursuant to  28 U.S.C.S § 2255. This motion is supported by the Attached Statements of the

12  Case and Memorandum of Points and Authorities.

13

14  Respectfully submitted this 23 day of ~~Sept.~~ January , 2003

15

16  *A. Bowen*

17  **Allison Noel Bowen**
18  **Reg. No. 11501-179**
19  **Pro-se**
20

21

22

**1**

# INTRODUCTION

1

2    On February 5, 2002 Mr. ALLISON NOEL BOWEN was sentence to 46 months

3    imprisonment for attempt illegal reentry an illegal alien found in the United States following

4    deportation, in violation **of 8 U.S.C.§ 1326 (a)** which resulting in the defendant receiving 46

5    months. The defendant Mr. Bowen contends that under resent Supreme Court Law the maximum

6    term of imprisonment should be 2 years.

7    Defendant Allison Noel Bowen, respectfully request that this court downward depart on the

8    grounds Mr. Bowen has assimilate into the United States. He knows that he is not supposed to

9    be in this country but came because life in the United State is the only life he know. With all

10    respect Mr., Bowen submits that a sentence of 24 months is sufficient to achieve the purposes of

11    sentence: Incapacitation, deterrence and rehabilitation. This would be a sentence similar to the

12    other District Courts. No additional legitimate sentencing purpose will be achieving by imposing a

13    greater sentence.

14                             **DEFENDANT'S POSITION**

15             **A.    THE PROPRIETY OF DEPARTURE IN GENERAL**

16    Once the guideline range is computed, the Court should depart from the guideline range if " (t)

17    here exits an aggravating or mitigating circumstance of a kind, or to a degree, not adequately

18    taken into consideration by the Sentencing Commission in formulating the guidelines. "    **18**

19    **U.S.C. § 3553 (b).**   Furthermore, the Court should never impose a sentence greater than

20    necessary to:

21             (a)    Reflect the seriousness of the offense, promote respect for the law, and provide

22                    a just punishment;

23             (b)    Afford adequate deterrence to criminal conduct;

24             (c)    Protect the public from further crimes of the defendant; and

25             (d)    Privide the defendant with needed training, care, and treatment,

26

27                    **18  U.S.C.  §  3553 (a').**

28

**2**

1         The Supreme Court has taken a very broad view of trial court's power to depart from the

2    guidelines, and a very narrow view of the grounds is which are precluded as a mater of law,

3    recognizing that potential departure factors "cannot, by their very nature, be comprehensively

4    listed and analyzed in advance." **United States V. Koon**, 116 S. Ct. 2035 (1996). Mr. Bowen

5    submits that the following grounds advanced for downward departure are permissible under

6    **Koon**, and are outside the heartland of typical case, and that these grounds, individually or in

7    combination, warrant a departure from the calculated guideline range.

8

9                    **MR. ALLISON NOEL BOWEN CULTURAL ASSIMILATION**

10        Mr. Bowen has been in this country practically all his entire life, and has all his family in the

11   United Stated included U.S. born children. **See PSR, PSR ¶ ¶807-87**. Thus, Mr. Bowen has

12   spent the better part of his life in the United States and to a large extend he has "assimilated" well

13   into this country.

14        The issue of "cultural assimilation: was addressed recently by the Ninth Circuit in the

15   **United States V. Lipman**, 133 F.3d 726 (9th. Cir. 1998). In **Lipman, the Ninth Circuit dealt**

16   **with the issue** of the assimilation of an individual into American society by the length of his legal

17   residency over time.   The argument put forth was that the cultural assimilation mitigates the

18   culpability in that the reentry was motivated by cultural, emotional and psychological ties, rather

19   than the mere base economic motive or intention to commit further criminal acts.

20        The **Lipman** court held that cultural assimilation does provide a basis for the district court

21   to depart under **U.S.S.G. § 5k2.0**. Specifically, the Ninth Circuit stated:

22        Cultural assimilation may be relevant to sentencing under **U.S.S.G. Section 2L1 .2** if a

23   district court finds that a defendant's unusual cultural ties to the United States rather than ordinary

24   economic incentives—provided the motivation for the defendant's illegal reentry or continued

25   presence in the United States.  Cultural assimilation may also be relevant to the character of a

26   defendant sentenced under **U.SS.G section 2L1 .2** insofar as his culpability might be lessened if

27   his motives were familial or cultural rather than economic.  Thus unlike the general treat of

28   deportation, cultural assimilation is a fact-specific ground for departure that may speak to an

**3**

1  individual defendant's offense, his conduct and his character, and not just to future events
2  unrelated to the defendant's individual circumstances.
3  **Lipman, 133 F .3d at 731**
4      The **Lipman** court held that it was permissible for the district court to grant a downward
5  departure on cultural assimilation.  Mr. Bowen came back to this country because this is the only
6  country he really knows, and all his family because this is the only country he really knows, and
7  all his family is here.   He has not sustained any new criminal convictions since his last
8  deportation.   The defense submits that these facts warrant a downward departure from the
9  calculated sentence range.
10
11             **UNDER RECENT SUPREME COURT LAW, THE MAXIMUM PENALTY**
12                  **APPLICABLE TO THIS CASE IS TWO YEARS**
13  On June 28, 2000, the United States Supreme Court decided **Apprendi V. New Jersey,**
14  **___U.S___, 120 S. Ct. 2348 (2000),** and a five – justice majority of the court held that a fact,
15  other than a prior conviction, that increases the statutory maximum of an offense is an element of
16  that offence. **___U.S. at ___; 120 S Ct. at 2362 – 63 (Stevens, J.,  concurring).**
17      **Apprendi** calls into question the continuing validity of **Almendarez – Torres V. United**
18  **States,** 523 U.S 224  (1998). **Almendarez – Torres** involved a defendant charged  -- like Mr.
19  Bowen-- with violating **8 U.S.C.   §  1326**.  Subsection  (a) of that statute provides for two-years
20  maximum penalty; **subsection  (b) (2)** of the statute provides for a twenty – years maximum
21  penalty.  The twenty years maximum is triggered when the defendant has suffered the conviction
22  of an aggravated felony (as defined in **8 U.S.C.   §  1326 (b) (2).  In Almendarez – Torres**, the
23  Supreme Court held that the government need not charge a defendant with violating a specific
24  subsection of **8 U.S.C.   §  1326,** because the prior conviction of defendant charged under that
25  statute are sentencing factors, not elements of the offence. 523 U.S. At 247.
26
27
28

**4**

1    In **United States V. Pacheco – Zepeda**, ___ F .3d ___, **2000 WL 1781662 (9ᵗʰ. Cir.**
2    **Dec. 6, 2000)**, the defendant read **Apprendi** to limit **Almendarez – Torres** to its facts.
3    Specifically, the defendant argue that **Appendi's** reasoning, as well as its explication of
4    **Almendarez – Torres**, showed that the Supreme Court's decision in **Almendarez – Torres**, was
5    grounded in the fact that the defendant in that case had admitted his priors at his charge of plea
6    proceeding.  The Ninth Circuit disagreed, holding that **Apprendi** neither overrules **Almendarez –**
7    **Torres** nor limits it to its facts.   Nothing, however, that the Supreme Court in **Apprendi** had
8    expressed serious reservations about **Almendarez – Torres**, the Ninth Circuit observed that
9    **Apprendi** "casts doubt on the continuing viability of **Almendarez – Torres**" and state that
10   **Almendarez – Torres** "may eventually be overrule." Id.  At *3.

11   A petition for writ of certiorari is being prepared in **Pacheco – Zepeda**, and similar
12   petitions have been filed in other circuit.  Mr. Bowen understands that the Ninth Circuit has
13   spoken on the issue, but nevertheless, he seeks to preserve the issue in the event that the
14   Supreme Court grants one of the petitions and either limits or overrules **Almendarez – Torres**.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**5**

## MEMORANDUM IN SUPPORT OF §2255

A prisoner in custody under sentence of a Court established by act of Congress claiming the right to be release upon the ground that the sentence was imposed in violation of the Constitution or law of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, may move the court which imposed the sentence to vacate, set aside or correct the sentence.   Mr. Allison Noel Bowen respectfully, so moves the Court.

The basic for movant's petition for relief is that he did not receive the effective assistance of counsel guaranteed by the Six Amendment of the United States Constitution.   Specifically, Movant asserts that his attorney knew or should have known of the Ninth Circuit ruling in United States V. Pacheco-Medina, 212 F.3d1162(9thCir. 2000), a case opposite to that of movant, wherein it was rule that a Defendant captured while close to the border and never free from official restraint did not commit the crime of illegal reentry, in violation of Title 8 U.S.C. § 1326(a).   Movant's case and the circumstances of his arrest are virtually indistinguishable from that case and it is Movant's position that he did not commit this crime.   Allison Noel Bowen respectfully summit that his attorney was ineffective through his failure to have the charge dismissed.

As a result Movant suffered prejudice thru his attorney insistence that he signed a plea agreement whereby he received sixty months imprisonment for the crime illegal reentry, a crime which… as shall be seen… he did not commit. His attorney was by definition ineffective.

**6**

1

2   Mr. Allison Noel Bowen was charged with violation of Title 8 U.S.C. §

3   1326(a).   Attempt illegal reentry fallowing deportation.   Reports generated by

4   arresting law enforcement officials indicated that the defendant was caught

5   attempting entering the United States at Brownsville, Texas, port of entry on

6   <u>August 29, 2001</u>.   Yet those same reports indicate that the defendant did not

7   manage to "enter" the United States, because he was never entirely free from

8   official restraint and had no hope of escaping into the general population.   A

9   recent Ninth Circuit decision has establish exactly what constitutes illegal

10   reentry pursuant to title 8 U.S.C. § 1326(a), and it is apparent from the reports

11   generated by arresting officials in this case that Mr. Allison Noel Bowen did no

12   manage to commit this crime.

13   In order to recognize the validity of Movant assertions it must first

14   examine the offence conduct.   As the court begins to consider whether Mr.

15   Allison Noel Bowen committed a crime, it must do so with the knowledge that

16   he was an alien, who had been removed from the country and he had again set

17   foot on United States soil.   It is also clear that it is a crime for an alien to enter,

18   attempt to enter, or "at any time (be) found in" the United States after having

19   once been deported from this country.   8 U.S.C. § 1326(a).   Thus a general

20   reading would suggest that Mr. Allison Noel Bowen did commit the crime

21   because he surely left Mexico for the Unite States, he just as surly was found on

22   our soil after he came over the boarder bridge.   But as a matter of law it is not

23   that quite easy because physical presence is not enough.   That it must clearly

24   shown in the concept of "entry" a concept which has a long judicial history, As

25   the Supreme Court has pointed out "(T) he definition of "entry" as applied for

**7**

1   various purposes in our immigration laws was involved judicially". <u>Rosenberg</u>

2   <u>V, Flueti</u>, 374 U.S. 449, 453, 83 S.Ct. 1804, 1807, 10 L. Ed.2d 1000 (1963).   The

3   definition did not enter the immigration status until 1952. See, Id.

4         The motion was expressed in a 1908 case where aliens had crossed the

5   border and preceded for a quarter of a mile along railroad tracks, but had been

6   under the surveillance of border inspectors from before the time they crossed

7   until their actual physical captures.  See, <u>Ex parte Chow Chok</u>, 161 F. 627, 628-29

8   (N.D.N.Y.), aff'd., 163 F. 1021 (2nd. Cir. 1908).  The Court said that the aliens had

9   not entered at all. On the contrary:

10

11               "They were not" permitted to enter" or allowed to enter, within the

12               meaning and intent of the law.  "Enter" means more than the mear

13               act of crossing the border line.  Those who seek to enter in the sense

14               of the law and those the policy of the law seeks to prevent from

15               entering are those who come to stay permanently, or for a period of

16               time, or to go at large and at will within, the United States.  These

17               persons, on entering, were at once surrounded by officers, silently

18               take in charge, in effect arrested, and from that time effectually

19               deprived of their liberty and prevented from going at large within

20               the United States."

21

22         Id. At 630 see, also, <u>Zhang V. Stattery</u> 55 F. 3d 732, 754, 755 (2nd. Cir. 1995);

23   <u>Correa V. Thornburgh</u>, 901 F. 2d 1166, 1171 – 72 (2nd. Cir. 1980.)

24         The Board of Immigration Appeals has repeated the theme. See, <u>Matter of</u>

25   <u>Pierre</u> 141.  & N. Dec. 467 (1973).  In that case the BIA made it clear that, as

**8**

1    relevant here, before he can be said to have entered, an alien <u>must be free from</u>

2    <u>restraint</u>. See, <u>Id.</u> at 468. More particularly, "(t) he restraint may take the form

3    or surveillance unbeknownst to the aliens; he has still not made an entry despite

4    having crossed the border with the intention of evading inspections, because he

5    lacks the freedom to go at large and mix with the population" <u>Id.</u> at 469. The

6    theme has also been uses by other circuits. See <u>Yi Yang V. Maugans</u>, 68 F. 3d

7    1540, 1549-50 (3rd. Cir. 1995), <u>United States V. Kavazanjian</u>, 623 F.2d 730, 736-37

8    (1st. Cir. 1980).

9        The Ninth Circuit has deal extensively with cases like the case at bar.

10    <u>United States V. Oscar</u> 496 F. 2d 492 (9th. Cir. 1974) Deal with illegal reentry

11    with regard to primary and secondary inspection points.  <u>United States V.</u>

12    <u>Martin Plascencia</u>, 532 F, 2d 1316 (9th. Cir. 1976), examine the case of an alien

13    who not only manage to get over the fence but for a time out of direct sight of

14    immigration officials.  And <u>United States V. Aguilar</u>, 883 F. 2d 662 (9th. Cir.

15    1989), addressed a scenario where the alien was under an extended period of

16    surveillance. But the most definitive ruling, issued months ago, is perhaps most

17    opposite to caption case.

18        In <u>United Stated V. Pacheco-Medina</u>, 212 F. 3d 1162 (9th. Cir. 2000), it was

19    ruled that a defendant, who was captured within a few yards of the border after

20    claiming an international boundary fence did not actually manage to "enter"

21    the United States, as required to support a conviction of been found in the

22    United States after he had been deported... because the defendant was never

23    free from official restraint <u>Id.</u> At 1163-66.

24

25

**9**

1    Appended hereto arte the arrest reports[1], which describe the

2    circumstances of Mr. Allison Noel Bowen arrest by law enforcement officials. It

3    can be seen that the circumstances of his arrest do not differ significantly from

4    those of Pacheco - Medina. The case at bar is opposite to the <u>Pacheco – Medina,</u>

5    case in salient detail. Mr. Allison Noel Bowen was never free from official

6    restrains, in legal contemplation he did not "enter" the United States, and in

7    accordance with judicial precedent there was not enough in the arrest reports to

8    support a conviction of attempt illegal reentry.

9    The <u>Pacheco - Medina</u> decision was filed May 16, 2000. Movant was

10    sentence <u>July 24, 2000</u>. Movant's attorney knew or should have known of this

11    ruling and its applicability to Mr. Allison Noel Bowen.

12    Given the circumstances of Movant's arrest, his attorney should have

13    move to strike the charge of illegal reentry but he did not, instead inducing him

14    to plead guilty to the charge and sign a plea agreement whereby he would be

15    sentenced to 60 months of imprisonment. The case and prejudice prongs of

16    <u>Strickland</u> are manifestly established.

17    The Court is therefore deferentially urged to vacate Movant's Conviction

18    and sentence for violation of Title 8 U.S.C. § 1326 (a). In light of the <u>Pacheco –</u>

19    <u>medina</u> ruling and the effective assistance of counsel claim as presented herein

20    anything less than this would be an injustice.

21

22

23

24

---

[1] Arrest report are part of court record

**16**

## **CONCLUSION**

WHEREFORE, Petitioner respectfully prays that this Honorable Court grants him the following relief:

_____ For the above listed reasons, the defendant **ALISON NOEL BOWEN** request that this Court sentence Mr. Bowen to no more than 24 months imprisonment.  Twenty-four months imprisonment for the offenses of attempt illegally reentering this country is more than sufficient punishment, and serves the purposes of punishment as set forth in **18 U.S.C.  §  3553 (A)**

1. Accept Jurisdiction to rule in the foregoing Motion;

2. Issue an Order accepting Petitioner's claims herein presented rebutting in support of 2255.;

3. Issue an Order requesting an Evidentiary Hearing may determine the claims presented on the Motion to Vacate; and

Any other relief this Honorable Court deems as proper to grant the Petitioner.

Executed this _23_ -day of ~~September~~ January 2003.


**Respectfully Submitted,**        _H. Bowen_

**ALLISON NOEL BOWEN**
**Reg. No. 11501-179**
**CEDAR HILL UNIT D2-E5**
**3711 Wright Ave.**
**Big Spring, Texas 79720**


**11**