IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 9 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ALLISON NOEL BOWEN,<br>Defendant-Movant, | §<br>§<br>§ | |
| v. | §<br>§ | |
| UNITED STATES OF AMERICA,<br>Plaintiff-Respondent.<br>(CIVIL ACTION NO. B-03-CV-032) | §<br>§<br>§ | CRIMINAL NO. B-01-488 |

**UNITED STATES' ANSWER TO PETITIONER'S MOTION TO
VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON
IN FEDERAL CUSTODY UNDER 28 U.S.C. § 2255, AND UNITED
STATES' MOTION TO DISMISS AND SUPPORTING BRIEF**

The United States of America, Plaintiff-Respondent, by the United States Attorney for the Southern District of Texas, answers Allison Noel Bowen's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Under 28 U.S.C. § 2255 and his Motion to Show Cause and Application for Waiver of Deportation Under Section 212(c), construed as an amendment to his Petition to Vacate Under 28 U.S.C. § 2255, and moves to dismiss his § 2255 Motion and constructive amendment with prejudice, and in support thereof states as follows:

1.  **Jurisdiction.** This court has jurisdiction under 28 U.S.C. § 2255.

2.  **Procedural history.** On September 27, 2001, Allison Noel Bowen ("Bowen") was charged by a two-count indictment in Criminal Case No. B-01-488 before the United States District Court for the Southern District of Texas, Brownsville Division, with attempted illegal re-entry into the United States after deportation subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) & (b) (count 1); and making a false claim of United States citizenship, in violation of 18 U.S.C. § 911 (count 2) (Doc. 1). Assistant Federal Public Defender (AFPD) Rudy

1

X. Rodriguez was appointed to represent Bowen. On October 31, 2001, before United States Magistrate Judge Felix Recio, Bowen pleaded guilty to attempted illegal re-entry (count 1 of the indictment) with the benefit of an oral plea agreement wherein the government agreed to dismiss the remaining count at sentencing (Doc. 18 at pp. 4, 10-11, 27).

Subsequent to Bowen's plea of guilty, the United States Probation Office prepared a presentence report ("PSR"). The PSR calculated the base offense level to be 8 under USSG § 2L1.2(a), increased by 16 levels because Bowen had previously been deported following a "crime of violence" under USSG § 2L1.2(b)(1)(A)(ii) (PSR, ¶¶ 13, 14). On December 4, 1987, Bowen was convicted of Murder and Aggravated Battery and sentenced to a total of twenty-five (25) years' confinement in Cook County, Illinois under docket No. 86CR14035 (PSR, ¶¶ 14, 25). The PSR reduced that figure by 3 levels for timely acceptance of responsibility under USSG § 3E1.1(a), (b) (PSR, ¶ 19). The resulting total offense level was 21 (PSR, ¶ 22).

The PSR assessed the following criminal history points on the basis of the following sentences for Bowen's prior convictions: (1) 3 points for the 1986 sentence of six years' confinement for manufacture/delivery of a controlled substance (cocaine) (PSR, ¶ 24), USSG § 4A1.1(a); (2) 3 points for the 1987 sentence of 20 years' confinement for murder and 5 years' confinement for aggravated battery, to run consecutive to the 20-year sentence on the murder conviction (PSR, ¶ 25), USSG § 4A1.1(a); and (3) 2 points because the instant offense was committed while Bowen was on parole for the murder conviction, (PSR, ¶ 27), USSG § 4A1.1(d). Bowen's criminal history score thus was 8, and his criminal history category was IV (PSR, ¶ 28); USSG Ch.5, Pt.A, Sentencing Table.

A total offense level of 21 and a criminal history category of IV resulted in an imprisonment

range of 57 to 71 months' imprisonment (PSR, ¶ 61). USSG Ch.5, Pt.A, Sentencing Table.

On January 2, 2002, Bowen's counsel AFPD Rudy X. Rodriguez filed objections to the PSR, arguing, *inter alia*, that Bowen's convictions for murder and aggravated battery were overturned on appeal. Bowen also argued that he was not deported a second time on October 4, 2000, but was merely denied entry on that date due to a stamping error on his visa. Bowen also objected to his criminal history points (Doc. 23).

In an Addendum to the PSR, the probation officer determined that the murder conviction was never overturned on appeal (Addendum to PSR). The probation officer verified that Bowen had been deported on October 4, 2000. The probation officer maintained his position that the criminal history points were correctly determined (Addendum to PSR).

At the sentencing hearing on February 5, 2002, the district court accepted the Magistrate Judge's recommendation and adjudged Bowen guilty of attempted illegal re-entry (Doc. 31, 32). The court overruled the objections to the PSR, except the court sustained an objection that Bowen was not on parole at the time of the instant offense and reduced his criminal history category by two levels (Doc. 31). The court then sentenced Bowen to 46 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release, no fine, and imposed a $100 special assessment (Doc. 31, 34). The court entered its judgment on February 20, 2002 (Doc. 34).

On February 5, 2002, Bowen timely filed his Notice of Appeal to the Fifth Circuit Court of Appeals appealing his sentence (Doc. 33). Bowen's appointed counsel Assistant Federal Public Defender Timothy Crooks filed an appellant's brief challenging the constitutionality of the "felony" and "aggravated felony" provisions of the illegal re-entry statute found at 8 U.S.C. §§ 1326(b)(1) and (b)(2). On December 12, 2002, the Fifth Circuit affirmed the judgment of conviction and sentence

in an unpublished opinion. *United States v. Allison Noel Bowen*, 54 Fed. Appx. 797, __ F.3d __, 2002 WL 31845764 (5th Cir. Dec. 12, 2002) (Table) (No. 02-40273) (Doc. 41, 42). The Fifth Circuit issued its mandate on January 3, 2003 (Doc. 41). The instant motion to vacate sentence under 28 U.S.C. § 2255 was timely filed on February 5, 2003 (Doc. 43), which was within the one-year statute of limitations period for filing a § 2255 motion. The United States was ordered to respond (Doc. 45).

3. **Statement of facts.** The statement of facts, as set forth in the PSR and introduced at the Rule 11 rearraignment hearing, is attached hereto as Appendix A.

4. **Allegations.** In support of his motion to vacate, Bowen claims his trial counsel rendered ineffective assistance by failing to (1) argue for a downward departure based on cultural assimilation; (2) argue that the statutory maximum penalty for illegal re-entry is 2 years; and (3) argue that an alien captured close to the border and never free from official restraint did not commit the offense of illegal re-entry under *United States v. Pacheco-Medina*, 212 F.3d 1162 (9th Cir. 2000). Additionally, Bowen claims in his Motion to Show Cause and Application for Waiver of Deportation Under § 212(c), construed as an amendment to his § 2255 motion, that he should be allowed to collaterally attack his prior deportation and apply for a waiver of deportation.

5. **Transcripts.** The pleadings are on file with the court. The rearraignment and sentencing hearings have been transcribed as part of the appellate record.

6. **Answer and motion to dismiss.**

### Section 2255 Relief

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned,

result in a complete miscarriage of justice. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995), *cert. denied*, 516 U.S. 1165, 116 S.Ct. 1056 (1996). When constitutional issues are raised for the first time on collateral review, a movant must establish both "cause" for his procedural default and "actual prejudice" resulting from the error. *Id.* at 934. Absent unusual circumstances, ineffective assistance of counsel, if shown, is sufficient to overcome a procedural default. *Id.* (citing *United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995)).

## INEFFECTIVE ASSISTANCE OF COUNSEL

The issue of ineffective assistance of trial and appellate counsel are reviewed under the now well-established *Strickland* standard: "Whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064 (1984). To succeed on such a claim, the defendant must first show that his counsel's performance fell below an objective standard of reasonableness. *Id.* at 688, 104 S.Ct. at 2065; *Prate v. Cain*, 142 F.3d 226, 230 (5th Cir. 1998). There is a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance; and, "'[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness'." *Id.* (quoting *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997)).

Constitutionally effective assistance of counsel is not errorless counsel and not counsel judged ineffective by hindsight. The determination of whether counsel has rendered reasonably effective assistance turns in each case on the totality of facts in the entire record. Thus each case

must be judged in the light of the number, nature, and seriousness of the charges against a defendant, the strength of the case against him, and the strength and complexity of his possible defenses. *Baldwin v. Maggio*, 704 F.2d 1325, (5th Cir.), *cert. denied*, 467 U.S. 1220, 104 S.Ct. 2667 (1984).

Second, he must show that he was prejudiced by counsel's ineffective assistance. The prejudice prong, however, is more than just an outcome determinative test. This was rejected by the Supreme Court in *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838 (1993). Prejudice under *Fretwell* requires the petitioner to show "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Fretwell*, 506 U.S. at 368, 113 S. Ct. at 842 (quoting also *Kimmelman v. Morrison*, 477 U.S. 365, 106 S.Ct. 2574 (1986) ("the essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect")). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id.* at 371, 113 S.Ct. at 844; *Earhart v. Johnson*, 132 F.3d 1062, 1067-68 (5th Cir. 1998); *Goodwin v. Johnson*, 132 F.3d 162, 176 (5th Cir. 1998). Not only must prejudiced be alleged, but it must be affirmatively proven. *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994). If the defendant fails to establish prejudice, this court need not reach whether counsel's performance was deficient. *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993).

A.   Cultural Assimilation

In his first claim of ineffective assistance of counsel, Bowen claims his trial counsel failed to argue for a downward departure based on cultural assimilation. He claims that he returned to the United States because he has lived here practically all his life and his family resides here.

The Fifth Circuit has recognized that cultural assimilation is a permissible basis for a downward departure. *United States v. Rodriguez-Montelongo*, 263 F.3d 429, 433-34 (5th Cir. 2001); *see also United States v. Lipman*, 133 F.3d 726, 729-31 (9th Cir. 1998); *United States v. Sanchez-Valencia*, 148 F.3d 1273, 1274 (11th Cir. 1998). Here, AFPD Rodriguez was not ineffective for failing to move for a downward departure based on cultural assimilation because Bowen's criminal record is too extensive.

Although Bowen claims he has lived in the United States most of his life, much of his time here has been spent in prison. From 1986 through July 1999, Bowen was incarcerated at the Illinois Department of Corrections on a murder conviction (PSR, ¶ 56). Bowen was convicted of murder and aggravated battery in 1987 and sentenced to a total of 25 years' confinement (20 years for murder and 5 consecutive years for battery) (PSR, ¶ 25). He murdered a police officer by striking another officer who was displaying a gun which discharged and killed the other officer (PSR, ¶ 25). Bowen also has a conviction in 1986 for the manufacture/delivery of cocaine and was sentenced to 6 years' confinement (PSR, ¶ 24). He was arrested under the alias name of Allison Jenkins (PSR, ¶ 24). In the instant offense, Bowen attempted to illegally enter the United States at the international bridge by falsely claiming to be a United States citizen (PSR, ¶ 5).

Bowen's violent criminal history shows that he has successfully assimilated into the criminal underworld and the prison population. But there is no way this court would have departed downward for a murderer, drug dealer and liar. This court denied Bowen's motion for a downward departure (Doc. 31).

Bowen has repeatedly disrespected the laws of this country. He was deported on July 20, 1999 and again on October 4, 2000 (PSR, ¶ 37). After each deportation, he illegally re-entered the

United States. He attempted to illegally re-enter the United States again on August 29, 2001 (PSR, ¶ 5). Bowen is *persona non gratis*.

If Bowen's counsel had filed a motion for a downward departure based on cultural assimilation, it would have been rejected. There is no place for a murderer of a police officer and drug dealer in American society. Further, Bowen cannot show prejudice because the court rejected his motion for a downward departure (Doc. 31). Bowen's first claimed ineffective-assistance-of-counsel claim should be rejected.

B.  Statutory Maximum is Twenty, Not Two, Years For Illegal Re-entry

In his second claim of ineffective assistance of counsel, Bowen claims his counsel failed to argue that the statutory maximum penalty for illegal re-entry is 2 years. He argues that the aggravated felony provision (8 U.S.C. § 1326(b)(2)) of the illegal re-entry statute, which enhances the maximum penalty from two (2) to twenty (20) years' imprisonment, is unconstitutional after *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000). This argument is not new. This is exactly the same argument Bowen raised in his direct appeal. *See* Appellant's Brief. The Fifth Circuit rejected Bowen's argument and affirmed the district court in all respects (Doc. 41, 42). Bowen cannot now try to relitigate exactly the same issue which he lost on direct appeal. Bowen's counsel was not ineffective because he challenged the constitutionality of the illegal re-entry statute on appeal. Bowen's counsel did exactly what Bowen now claims he did not do. Bowen's counsel preserved the issue in the event that the Supreme ever reconsiders its position. Nevertheless, for the sake of completeness, the government sets forth its argument in support of the constitutionality of the illegal re-entry statute.

Bowen contends that the "felony" and "aggravated felony" provisions found at 8 U.S.C. §§

1326(b)(1) and (b)(2) are unconstitutional because it appears that a majority of the members of the Supreme Court believe that a prior conviction of a "felony" or an "aggravated felony" is an element of the offense of illegal re-entry and, therefore, must be charged in the indictment and proven to a jury beyond a reasonable doubt. As Bowen concedes, he recognizes that the Supreme Court has held that the enhanced penalty for illegal re-entry contained in section 1326(b)(2) was a mere sentencing factor and not an element of a separate offense. *Almendarez-Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 1226 (1998). The Supreme Court held section 1326(b)(2) "is a penalty provision, which simply authorizes a court to increase the sentence for a recidivist. It does not define a separate crime." *Almendarez-Torres*, 523 U.S. at 226, 118 S.Ct. at 1222. The Court further held that this treatment was not unconstitutional. *Id.* at 239-247, 118 S.Ct. at 1228-32. "Consequently, neither the statute nor the Constitution requires the Government to charge...an earlier conviction in the indictment." *Id.* at 226-27, 118 S.Ct. at 1222. Bowen argues that his prior aggravated felony convictions for delivery of cocaine, murder, and aggravated battery should be treated as an element of his illegal re-entry offense, not merely a sentencing-enhancing factor, and should have been charged in the indictment and proven to a jury beyond a reasonable doubt. He notes that § 1326(a) specifies that an alien convicted of illegal re-entry following deportation faces a maximum prison term of only two years, but that § 1326(b)(2) specifies a maximum sentence of twenty years if the alien was deported subsequent to a conviction for an aggravated felony. After holding in *Almendarez-Torres* that § 1326(b)(2) does not create a separate criminal offense but rather is a sentencing factor, the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000), expressed misgivings about the propriety of its *Almendarez-Torres* holding. Bowen points out that Justice Thomas, one of the five justices who joined the majority in *Almendarez-Torres*, may

9

no longer support its holding. *See Apprendi*, 120 S.Ct. at 2379.

Bowen concedes that *Almendarez-Torres* forecloses his claim of error in this court, but states he is making it in order to preserve it for review by the Supreme Court. *See* brief in support of § 2255 motion at 5. In view of Bowen's concession, he should be denied relief. In addition, even without Bowen's concession, resolution of his claim turns on whether the Supreme Court will overrule *Almendarez-Torres* in view of its decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000), a decision only that Court can make. *See Agostini v. Felton*, 521 U.S. 203, 237, 117 S.Ct. 1997, 2017 (1997) ("'[i]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions."). Bowen argues that *Apprendi* authorizes this court to revisit *Almendarez-Torres* and to reverse his conviction. This argument was recently and explicitly rejected in *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000), *cert. denied*, 531 U.S. 1202, 121 S.Ct. 1214 (2001). *See also United States v. Rivera*, 265 F.3d 310, 312 (5th Cir. 2001), *cert. denied*, 122 S.Ct. 1105 (2002). *Almendarez-Torres* remains good law. *United States v. Moreno-Arredondo*, 255 F.3d 198, 203 (5th Cir.), *cert. denied*, 122 S.Ct. 491 (2001). This court must follow *Almendarez-Torres* unless and until the Supreme Court itself determines to overrule it. *United States v. Nava-Perez*, 242 F.3d 277, 279 (5th Cir.), *cert. denied*, 533 U.S. 923, 121 S.Ct. 2537 (2001); *Chapa-Garza*, 243 F.3d at 928; *United States v. Rodriguez-Montelongo*, 263 F.3d 429, 434 (5th Cir. 2001); *United States v. Hernandez-Avalos*, 251 F.3d 505, 507 n. 1 (5th Cir.), *cert. denied*, 122 S.Ct. 305 (2001); *United States v. Landeros-Gonzales*, 262 F.3d 424, 426 n. 1 (5th Cir. 2001). The "felony" and "aggravated felony" provisions found at 8 U.S.C. § 1326(b)(1) and (b)(2) are not unconstitutional. *United States v. Rodriguez-Montelongo*,

10

263 F.3d 429, 434 (5th Cir. 2001).

Bowen cannot show his counsel's performance was deficient because his counsel raised the exact same issue on appeal which he now complains was not raised. Bowen cannot show he was prejudiced because the Supreme Court has ruled against him in *Almendarez-Torres*; therefore, he had no chance of success in the district court or the Fifth Circuit.

C.   Bowen Was Convicted of Attempted Illegal Re-entry

In his third claim of ineffective assistance of counsel, Bowen claims his trial counsel failed to argue that an alien captured close to the border and never free from official restraint did not commit the offense of illegal re-entry under *United States v. Pacheco-Medina*, 212 F.3d 1162 (9th Cir. 2000). Bowen's claim of ineffectiveness is predicated upon the false assumption that he was convicted of illegal re-entry. He was actually convicted of attempted illegal re-entry (Doc. 38, 38 at ).

Bowen's reliance on *Pacheco-Medina* is misplaced. In *Pacheco-Medina*, the Ninth Circuit held that an alien who was captured within a few yards of the border did not actually manage to "enter" the United States. *Id.* at 1165-66. The Ninth Circuit reversed the alien's conviction for illegal re-entry because the alien was not technically "found in" the United States since he was never free from official restraint and had just climbed over the international boundary fence. *Id.* at 1166. *Pacheco-Medina* is primarily a charging problem. If the alien had been charged with attempted illegal re-entry rather than illegal re-entry, then his conviction would in all likelihood have been affirmed. *See id.* at 1165-66. The Ninth Circuit was troubled by the language of the indictment which charged that the alien had been "found in" the United States when in fact he was observed by a border patrol agent as he jumped off the fence and began running until he was apprehended.

Although acknowledging that the alien tried to get into the United States, the Ninth Circuit ruled that he did not succeed because he was under official restrain the whole time. *Id.* at 1165. The Ninth Circuit suggested *in dicta* that had the alien been charged with attempted illegal re-entry, then the conviction likely would have been affirmed. *Id.* at 1165-66.

Here, Bowen never officially entered the United States because he was arrested at the Brownsville/Matamoros International Bridge in Brownsville when he attempted to enter the United States by falsely declaring to be an American (PSR, ¶ 5). He was charged and convicted of attempting to re-enter the United States (Doc. 1, 18). The case of *United States v. Cardenas-Alvarez*, 987 F.2d 1129 (5th Cir. 1993), is directly on point and forecloses Bowen's point of error. In *Cardenas-Alvarez*, the Fifth Circuit affirmed the attempted illegal re-entry conviction of an alien who had attempted to enter the United States by falsely claiming to be a United States citizen at the international border bridge. *Id.* at 1133. The Fifth Circuit rejected the alien's claim that he could not have attempted to re-enter because he was officially restrained by INS officers. *Id.* The Fifth Circuit held the alien was properly charged and convicted of attempted illegal re-entry, rather than illegal re-entry. *Id.* The court ruled that "[t]o graft 'freedom from official restraint' onto the crime of attempted entry would make that crime synonymous with actual entry." *Id.* The evidence here and in *Cardenas-Alvarez* showed that Cardenas and Bowen attempted to enter by trying to convince the border inspectors that they were entitled to pass. *Id.*

Bowen cannot show his counsel's performance was deficient because *Cardenas-Alvarez* controls and establishes that his conviction for attempted illegal re-entry was proper. Further, Bowen cannot show he was prejudiced by his counsel's alleged failure to move to dismiss the indictment because such a motion would have been denied based on *Cardenas-Alvarez*.

12

The record conclusively shows that Bowen was not denied effective assistance of counsel. AFPD Rudy Rodriguez's representation was a model of professionalism and zealous advocacy. Appellate counsel Timothy Crooks' appellate brief was exemplary. Bowen's claims of ineffective assistance of counsel should be rejected.

## **COLLATERAL ATTACK OF PRIOR DEPORTATION**

Bowen claims in his Motion to Show Cause and Application for Waiver of Deportation Under § 212(c), construed as an amendment to his § 2255 motion, that he should be allowed to collaterally attack his prior deportation and apply for a waiver of deportation. Unlike his prior claims, this claim is not couched in terms of ineffective assistance of counsel. Despite prior convictions for murder, aggravated battery, and cocaine trafficking (PSR, ¶¶ 24, 25), Bowen brazenly proclaims that somehow he should be permitted to apply for a waiver of deportation under *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271 (2001).

Bowen's amendment to his § 2255 motion is confusing and unintelligible. Bowen does not specify whether he is attacking his underlying deportation order that supported his present conviction for attempted illegal re-entry or whether he is seeking to avoid deportation following the completion of his 46-month term of imprisonment in the instant offense. If Bowen is attacking his underlying deportation order that supported his present conviction for attempted illegal re-entry, then he should have moved to withdraw his guilty plea and to dismiss the indictment because the government could not have proved that he been previously deported, which is an element of the offense. But Bowen has neither moved to withdraw his plea nor moved to dismiss the indictment. If Bowen is seeking to avoid deportation following the completion of his 46-month term of imprisonment in the instant offense, then he has not alleged any facts in support of his position.

After Bowen's convictions for cocaine trafficking (PSR, ¶ 24) as well as murder and aggravated battery (PSR, ¶ 25), Congress changed immigration law with the Antiterrorism and Effective Death Penalty Act (AEDPA) and the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA). *See* AEDPA § 440(d); 110 Stat. 1214. Among the changes was abolition of discretionary waiver of removal, formerly available under § 212(c)[1] of the Immigration and Nationality Act (INA), for aliens convicted of aggravated felonies. *See United States v. Lopez-Ortiz*, 313 F.3d 225, 227 (5th Cir. 2002). The IIRIRA replaced § 212(c) relief with a new section that authorizes the Attorney General to cancel removal for a narrow class of inadmissible or deportable aliens. *See* IIRIRA § 304(b); 110 Stat. 3009-597. This class of aliens does not include anyone previously convicted of an aggravated felony. *See United States v. Mendoza-Mata*, 322 F.3d 829, 831 (5th Cir. 2003). In other words, § 212(c) relief might have been available to Bowen pre-IIRIRA but not post-IIRIRA.

In *St. Cyr*, the Supreme Court held that § 212(c) relief "remains available for aliens ... whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for section 212(c) relief at the time of their plea under the law then in effect." Based on *St. Cyr*, Bowen claims the § 212(c) relief (*i.e.*, waiver of deportation) was available at the time of his plea under the law then in effect.

In *United States v. Mendoza-Lopez*, 481 U.S. 828, 107 S.Ct. 2148 (1987), the Supreme Court held that an alien who is being prosecuted under the illegal re-entry statute (8 U.S.C. § 1326) can, in some circumstances, assert a challenge to an underlying deportation order. 481 U.S. at 839. The

---

[1] In 1990, INA § 212(c) was amended to preclude from discretionary relief anyone convicted of an aggravated felony who had served at least five (5) years imprisonment.

Fifth Circuit, interpreting *Mendoza-Lopez*, has formulated a three part test that must be met by an alien seeking to challenge a prior deportation order in a § 1326 prosecution. The alien must establish that (1) the prior hearing was "fundamentally unfair;" (2) the hearing effectively eliminated the right of an alien to challenge the hearing by means of judicial review of the order; and (3) the procedural deficiencies caused the alien actual prejudice. *United States v. Lopez-Ortiz*, 313 F.3d 225, 229 (5th Cir. 2002); *United States v. Lopez-Vasquez*, 227 F.3d 476, 483 (5th Cir. 2000); *Mendoza-Mata*, 322 F.3d at 832. This interpretation of *Mendoza-Lopez* effectively was codified at 8 U.S.C. § 1326(d). Here, Bowen has not sufficiently alleged any of the three requirements.

Under the first requirement, Bowen has not even alleged that the prior hearing was "fundamentally unfair." His supplement to his § 2255 motion suggests that he believed his prior deportation was fair because he received a notice to appear, was advised of his right to legal representation of his choice, and was provided a list of free legal services. There is no evidence in the record to suggest that Bowen's deportation proceeding was "fundamentally unfair."

Under the second requirement, Bowen has not even alleged that the removal hearing effectively eliminated his right to challenge the hearing by means of judicial review of the order. There is no evidence in the record to suggest that Bowen could not have chosen to challenge his removal hearing by means of judicial review.

Under the third requirement, Bowen has not even alleged that the procedural deficiencies caused him actual prejudice. "A showing of prejudice means that 'there was a reasonable likelihood that but for the errors complained of the defendant would not have been deported.'" *Mendoza-Mata*, 322 F.3d at 832 (quoting *United States v. Benitez-Villafuerte*, 186 F.3d 651, 658 (5th Cir. 1999). In short, if the defendant was legally deportable and, despite the INS's errors, the proceeding could not

15

have yielded a different result, the deportation is valid for purposes of section 1326." *Id.* Bowen does even allege that the INS or the Board of Immigration Appeals failed to afford him the right to apply for discretionary relief or that there existed a reasonable likelihood that he would have been granted discretionary relief, thus barring his deportation. Prior to IIRIRA and AEDPA, the Attorney General under then § 212(c) had discretion to waive deportation in cases where a convicted alien demonstrated that he had a lawful unrelinquished domicile in the United States for at least seven years. Bowen does not even allege that he had a continuous lawful unrelinquished domicile in the United States for seven years. Although Bowen did spend a continuous seven year period in the United States prior to deportation, his time was spent in prison on the murder and aggravated battery convictions.

Bowen's extensive criminal record would have likely precluded him from obtaining discretionary relief. *See Mendoza-Mata*, 322 F.3d at 833. His three prior aggravated felonies would have likely precluded him from a discretionary waiver of deportation. Bowen had been convicted of murder and aggravated battery in 1987, and cocaine trafficking with 5 years' custody in 1986 (PSR, ¶¶ 24, 25), which convictions were before his deportations to Belize on July 20, 1999, and October 4, 2000. These prior convictions were all aggravated felonies under 8 U.S.C. § 1101(a)(43)(A) [murder], (B) [trafficking in a controlled substance] and (F) [crime of violence with at least one year imprisonment]. Bowen's criminal record is more serious than that of Mendoza-Mata who had been convicted of a cocaine offense, criminal trespass, indecent exposure, theft and driving with a suspended license. *Mendoza-Mata*, 322 F.3d at 833. In *Mendoza-Mata*, the Fifth Circuit found that, given Mendoza-Mata's criminal record, he had failed to show that there was a reasonable likelihood that he would have been granted discretionary relief. *Id.* at 834. Thus,

Mendoza-Mata failed to show that he was actually prejudiced by the denial of discretionary relief. *Id.* Similarly, in view of Bowen's murder conviction, he has failed to show that there was a reasonable likelihood that he would have been granted discretionary relief, and thus, he cannot show actual prejudice. His Motion to Show Cause and Application for Waiver of Deportation Under § 212(c), construed as an amendment to his § 2255 motion, should be denied with prejudice.

7.  **Evidentiary Hearing.** Under Rule 8(a) pursuant to 28 U.S.C. foll. § 2255, this Court shall make such disposition of the motion as justice dictates. The allegations raised by Bowen may properly be resolved on the basis of the record before this Court, which conclusively shows that no relief is appropriate. No evidentiary hearing is required. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir.1990); *United States v. Santora*, 711 F.2d 41 (5th Cir. 1983).

8.  **Conclusion.** The United States prays that Petitioner Allison Noel Bowen Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Under 28 U.S.C. § 2255 and his Motion to Show Cause and Application for Waiver of Deportation Under Section 212(c), construed as an amendment to his Petition to Vacate Under 28 U.S.C. § 2255, be in all things denied and this action be dismissed with prejudice pursuant to Rule 8(a), Rules § 2255 proceedings.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

David H. Peck
Assistant United States Attorney
910 Travis, Suite 1500
P. O. Box 61129
Houston, Texas 77208-1129
(713) 567-9369
S.D. TX. ID No. 6295
TX Bar Card No. 15701980

## CERTIFICATE OF SERVICE

I, David H. Peck, Assistant United States Attorney, certify that a copy of this answer to Allison Noel Bowen's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Under 28 U.S.C. § 2255 and his Motion to Show Cause and Application for Waiver of Deportation Under Section 212(c), construed as an amendment to his Petition to Vacate Under 28 U.S.C. § 2255, and supporting brief has been served by placing it in the United States mail, postage prepaid, on August 6, 2003, addressed to:

Allison Noel Bowen, pro se
Registration No. 11501-179
Big Spring Correction Center
2001 Rickabaugh Drive
Big Spring, TX 79720

_____
David H. Peck
Assistant United States Attorney

## APPENDIX A

STATEMENT OF FACTS FROM:

*UNITED STATES V. ALLISON NOEL BOWEN*
CRIMINAL NO. B-01-488

On August 29, 2001, Allison Noel Bowen attempted to enter the United States through the Brownsville/Matamoros International Bridge in Brownsville, Texas via the pedestrian lane. He declared to the U.S. Immigration Inspector that he was a United States citizen. He was referred to secondary for further inspection (PSR, ¶ 5).

An immigration check through the computer IDENT system was conducted. The investigation revealed Bowen had two (2) prior deportations. He was initially deported on July 20, 1999, through the Port of Entry in Chicago, Illinois. He was deported a second time on October 4, 2000, through the Port of Entry in Dallas, Texas (PSR, ¶ 6). Bowen is a citizen and national of Belize by virtue of his birth in Belize City, Belize, Central America on December 24, 1955 (PSR, ¶ 37).

Further investigation revealed Bowen was convicted on January 20, 1987, for the offense of Manufacture/Delivery of a Controlled Substance in Cook County, Illinois under Docket No. 86CR10135. He was sentenced to six (6) years' confinement (PSR, ¶¶ 7, 24). On December 4, 1987, Bowen was convicted of the offense of Murder in Cook County, Illinois under Docket No. 86CR14035. He was sentenced to twenty (20) years confinement. On June 22, 1999, Bowen was paroled and subsequently deported on July 20, 1999 (PSR, ¶¶ 7, 25).

Bowen had not received permission from the Attorney General to re-enter the United States after his deportation (PSR, ¶¶ 8, 11).