/1

United States Courts
Southern District of Texas
FILED

SEP 0 8 2003

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALLISON NOEL BOWEN, | § | |
| | | CASE NO. CR-B-01-488 |
| MOVANT / PETITIONER, | § | |
| | | MOTION TO VACATE, SET ASIDE |
| VS. | § | AND CORRECT SENTENCE, |
| PURSUANT | | CAB-03-32 |
| | | TO 28 U.S.C. §2255 |
| UNITED STATES OF AMERICA, | § | |

COMES NOW PETITIONER, ALLISON NOEL BOWEN, ACTING IN PROPRIA PERSONA, RESPECTFULLY MOVES THIS HONORABLE COURT TO VACATE, SET ASIDE AND CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255. THIS MOTION IS SUPPORT BY THE ATTACHED STATEMENTS AND AUTHORITIES.

RESPECTFULLY SUBMITTED THIS 28 DAY OF AUGUST, 2003

ALLISON NOEL BOWEN
REG. NO. 11501-179
INTERSTATE UNIT
1801 WEST I-20
BIG SPRING TEXAS 790720

2

## MOTION TO SUPPLEMENT, AND IN RESPONSE
## TO UNITED STATES OF AMERICA,
## PLAINTIFF-RESPONDENT. (CIVIL ACTION NO. B-03-CV-032).
### FALSE CLAIM OF UNITED STATES CITIZENSHIP

PETITIONER, ALLISON NOEL BOWEN RESPECTFULLY SUBMITS THAT THERE WAS NO FALSE CLAIM MADE BY DEFENDANT. AT THE PLEA AGREEMENT DEFENDANT MR. BOWEN REFUSED TO PLEA GUILTY TO MAKING A FALSE CLAIM OF UNITED STATES CITIZENSHIP. THE HONORABLE JUDGE FLEX RECIO, WHO HAD A PROBLEM WITH PETITIONER NOT WANTING TO PLEA GUILTY. THEN ORDER THE STATE ATTORNEY AND TRIAL COUNSEL, TO COME TO AN AGREEMENT WITH THE DEFENDANT, AND THE WORDING OF THE "FALSE CLAIM" WAS CHANGE.

### MR. ALLISON NOEL BOWEN PRIOR CONVICTIONS

THE STATE ATTORNEY DELIBERATELY CONTINUES TO LIE AND MISLEAD THE COURT BY PUTTING A FALSE CHARGE ON PETITIONER RECORD FOR THERE OWN SELFISH INTEREST. PETITIONER WAS NEVER CHARGE WITH MANUFACTURE / DELIVERY OF A CONTROLLED SUBSTANCE. PETITIONER WAS CHARGE, TRIED AND CONVICTED FOR DELIVERY OF A CONTROLLED SUBSTANCE. (3.5 GRAMS OF COCAINE). PETITIONER MR. BOWEN THROUGH HIS TRIAL COUNSEL RUDY X. RODRIGUEZ HAD FILED OBJECTIONS TO THE ENHANCEMENT OF PETITIONER'S DELIVERY OF A CONTROLLED SUBSTANCE CHARGE. (SEE COURT RECORDS AS EXHIBIT).

### POINTS FOR BEING ON PAROLE

PETITIONER, MR. BOWEN STATED THROUGHOUT HIS PLEA AGREEMENT THAT, AT THE TIME PETITIONER ATTEND PAROLE CLASSES AT GRAHAM CORRECTION CENTER IN ILLINOIS, PETITIONER MR. BOWEN WAS TOLD THAT DEFENDANT WOULD NOT BE ON PAROLE, BECAUSE PETITIONER WOULD BE DEPORTED BACK TO BELIZE, HIS NATIVE COUNTRY. THUS PETITIONER MR. BOWEN WAS NEVER ISSUED ANY PAROLE PAPERS AFTER LEAVING SHERIDAN CORRECTION CENTER, IN ILLINOIS AND WAS HANDED OVER TO INS FOR DEPORTATION. THE

HONORABLE JUDGE HILDA G. TAGLE SUSTAINED AN OBJECTION AGREEING THAT MR. BOWEN WAS NOT ON PAROLE AT THE TIME OF THE INSTANT OFFENCE.

MR. ALLISON NOEL BOWEN

FALSE ACCUSATION OF A SECOND DEPORTATION

THE STATE AND THE PROBATION OFFICER AT NO TIME PRESENT ANY RECORDS OF PETITIONER SECOND DEPORTATION, BECAUSE THERE IS NO SUCH RECORD. PETITIONER, MR. BOWEN THROUGH HIS TRIAL COUNSEL OBJECTED AND REPEATEDLY ASK FOR SUCH A RECORD, BUT WAS NEVER GIVEN ONE.

ROUND ABOUT, OCTOBER 4, 2000. PETITIONER MR. ALLISON NOEL BOWEN ENTER DALLAS TEXAS AIRPORT BY A FLIGHT FROM MEXICO, AFTER A BRIEF INSPECTION WAS CONDUCTED THE OFFICER DENIED MR. BOWEN ENTRY TO THE UNITED STATES, THE OFFICER STATED A STAMPING ERROR THAT'S IN PETITIONER PASSPORT WAS THE CAUSE FOR THE DENIAL TO ENTER THE UNITED STATES. PETITIONER WAS THEN DETAINED, (NOT ARRESTED ACCORDING TO THE OFFICERS). UNTIL THE BELIZE AIRPORT WAS REOPEN FROM A HURRICANE THAT HAD HIT THE COUNTRY OF **BELIZE**, CAUSING THE **BELIZE AIRPORT** TO CLOSE DOWN. PETITIONER MR. ALLISON NOEL BOWEN, AT NO TIME WHILE DETAINED, AT DALLAS AIRPORT, WAS NEVER TAKEN TO COURT, TO SEE A HONORABLE JUDGE, NOR DID PETITIONER EVER TOLD THAT HE WAS BEING DEPORTED. PETITIONER, MR. ALLISON NOEL BOWEN WITH ALL FAIRNESS,

RESPECTFULLY PRAYS, BEG AND ASK THE COURT TO PLEASE SUBPOENA MY RECORDS FROM DALLAS TEXAS AIRPORT, PORT OF ENTRY, FOR THE DATE OF OCTOBER 4, 2000. THE RECORDS OF THE DATE AND TIME IN QUESTION IN WHICH THE COURT WILL FIND THAT THE STATE ATTORNEY AND PROBATION OFFICER DID NOT ONLY LIE BUT MISLEAD THE COURT, ON A SECOND FALSE DEPORTATION, SO THAT PETITIONER CRIMINAL HISTORY CATEGORY COULD BE ENHANCE.

PETITIONER HAS REQUESTED THE RECORDS OF THE DATE IN QUESTION (OCTOBER 4, 2000.) FROM THE I.N.S. AS SOON AS PETITIONER RECEIVES THE RECORDS HE WILL FORWARD IT TO THE COURT.

PETITIONER RESPECTFULLY SUBMITS AND PRAYS THAT THE COURT WILL AGREES, THAT IT IS NOT THE STATE ATTORNEY NOR TRIAL COUNSEL PLACE TO ASSUME WHAT THE COURT WILL OR WILL NOT GRANT. PETITIONER SUBMITS THAT IT IS THE JOB OF THE TRIAL COUNSEL TO USE ALL THAT IS AVAILABLE WITH IN THE SCOPE OF THE LAW TO GET A DEFENDANT OFF. TRIAL COUNSEL DID NOT DO THAT.

PETITIONER WAS ARRESTED AND CHARGE UNDER 8 U.S.C. § 1326 (a) & (b). WHICH IS THE BASIS OF PETITIONER MOTION. LIKE PACHECO-MEDINA, MR. ALLISON NOEL BOWEN, NEVER ENTER THE UNITED STATES BY THE DEFINITION OF THE LAW. FURTHER MORE PETITIONER WAS TOLD TO ENTER BY A BORDER PATROL, WHO EVEN WENT AND OBTAIN CHANGE FOR PETITIONER TO PAY THE TURN-STYLE. WHICH IS ANOTHER ISSUE TRIAL COUNSEL FAILED TO ARGUE FOR THE PETITIONER. THE NINTH CIRCUIT RULED THAT PACHECO-MEDINA DID NOT SUCCEED TO ENTER THE UNITED STATES. THE COURT SAID THAT THE ALIENS HAD NOT ENTERED AT ALL. ON THE CONTRARY:

> "THEY WERE NOT" PERMITTED TO ENTER" OR ALLOWED TO ENTER. WITHIN THE MEANING AND INTENT OF THE LAW. "ENTER" MEANS MORE THAN THE MERE ACT OF CROSSING THE BORDERLINE. THOSE WHO SEEK TO ENTER IN THE SENSE OF THE LAW AND THOSE THE POLICY OF THE LAW SEEKS TO PREVENT FROM ENTERING ARE THOSE WHO COME TO STAY PERMANENTLY, OR FOR A PERIOD OF TIME, OR TO GO AT LARGE AND AT WILL WITHIN, THE UNITED STATES. THESE PERSONS, ON ENTERING, WERE AT ONCE SURROUNDED BY OFFICERS, SILENTLY TAKEN IN CHARGE, IN EFFECT ARRESTED, AND FROM THAT TIME EFFECTUALLY DEPRIVED OF THEIR LIBERTY AND PREVENTED FROM GOING AT LARGE WITHIN THE UNITED STATES".

THE BOARD OF IMMIGRATION APPEALS HAS REPEATED THE THEME. SEE MATTER OF PIERRE 141. & N. DEC. 467 (1973). IN THAT CASE THE BIA MADE IT CLEAR THAT, AS RELEVANT HERE, BEFORE HE CAN BE SAID TO HAVE ENTERED, AN ALIEN MUST BE FREE FROM RESTRAINT. SEE Id. AT 468. MORE PARTICULARLY, "(t) HE RESTRAINT MAY TAKE THE FORM OF SURVEILLANCE

UNBEKNOWNST TO THE ALIENS; HE HAS STILL NOT MADE AN ENTRY DESPITE HAVING CROSSED THE BORDER WITH THE INTENTION OF EVADING INSPECTIONS, BECAUSE HE LACKS THE FREEDOM TO GO AT LARGE AND MIX WITH THE POPULATION"

PETITIONER ALLISON NOEL BOWEN SUBMITS, IT WAS RULED THAT A DEFENDANT WHO WAS CAPTURED WITHIN A FEW YARDS OF THE BORDER DID NOT MANAGE TO "ENTER" THE UNITED STATES, AS REQUIRED TO SUPPORT A CONVICTION OF BEING FOUND IN THE UNITED STATES AFTER HE HAD BEEN DEPORTED... BECAUSE THE DEFENDANT WAS NEVER FREE FROM OFFICIAL RESTRAINT.

HERE TOO, MR. ALLISON NOEL BOWEN HAS NEVER FREE FROM OFFICIAL RESTRAINTS, IN LEGAL CONTEMPLATION HE DID NOT "ENTER" THE UNITED STATES, AND IN ACCORDANCE WITH JUDICIAL PRECEDENT THERE WAS NOT ENOUGH IN THE ARREST REPORTS TO SUPPORT A CONVICTION OF ATTEMPT ILLEGAL REENTRY.

## COLLATERAL ATTACK OF PRIOR DEPORTATION

IN RESPONDS TO PETITIONER'S § 212 (c) AMENDMENT § 2255 MOTION, THE GOVERNMENT NOW UPGRADED PETITIONER CONVICTION OF DELIVERY OF A CONTROL SUBSTANCE, TO DRUG TRAFFICKING, PETITIONER SUBMITS THAT NO WHERE IN PETITIONER ARREST REPORT YOU WILL FIND THE CHARGE OF DRUG TRAFFICKING; BUT THESE ARE THE LIES AND FALSE STATEMENT THE STATE ATTORNEY USED TO MISLEAD THE COURT. ALL THE TIME DEFENDANT TRIAL COUNSEL SITS DOWN WITHOUT ANY OBJECTIONS TO THE STATE ATTORNEY'S LIES, WHICH TRIAL COUNSEL KNOW OR SHOULD HAVE KNOWN, BECAUSE THEY READ THE SAME POLICE REPORTS ON ALL PETITIONER CONVECTIONS.

THE STATE CONCEDED THAT § 212 (c) RELIEF MIGHT HAVE BEEN AVAILABLE TO BOWEN PRE-IIRIRA, WHICH IS EXACTLY THE POINT PETITIONER IS MAKING. MR. BOWEN WAS CONVICTED IN 1986 UNDER THE OLD LAW. I.N.S. WAITED FOR (10) TEN YEARS, UNTIL AFTER THE LAW WAS CHANGE TO BRING DEPORTATION PROCEEDINGS UNDER THE NEW LAW; BUT; THE UNITED STATES SUPREME COURT RULED IN **I.N.S. V. ST. CYR,** 533-U.S.-289 (2001) THAT ALIENS WHO WERE

ELIGIBLE FOR A WAIVER UNDER § 212 (c) AT THE TIME THEY PLEA GUILTY TO THE OFFENCE WHICH RENDERED THEM DEPORTABLE, MAY NOW APPLY FOR THE WAIVER.

IT IS CLEAR ON THE RECORD THE FACT THAT THIS APPLICANT IS ELIGIBLE FOR A § 212 (c) WAIVER SINCE AT THE TIME THAT HE COMMITTED THE OFFENCE, THE ACT HAD NOT BEEN AMENDED BY THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996 (AEDPA).

THE SUPREME COURT ALSO STATED THAT THE IIRIR'S ELIMINATION OF ANY POSSIBILITY OF § 212 (c) RELIEF FOR PEOPLE WHO ENTERED INTO PLEA AGREEMENTS WITH THE EXPECTATION THAT THEY WOULD BE ELIGIBLE FOR SUCH RELIEF CLEARLY ATTACHES A NEW DISABILITY WITH RESPECT TO TRANSACTIONS OR CONSIDERATIONS ALREADY PAST. IT CONTINUED THAT GIVEN THE FREQUENCY WITH WHICH § 212 (c) RELIEF WAS GRANTED IN THE PAST IT WOULD OFFERED ESTABLISH CONSIDERATIONS AT FAIR NOTICE REASONABLE RELIANCE AND SETTLE EXPECTATIONS TO HOLD THAT THE IIRIA'S SUBSEQUENT RESTRICTIONS DEPRIVE THEM OF ANY POSSIBILITY OF SUCH RELIEF.

PRIOR TO 1996 AN ALIEN WHO WAS DETERMINED TO BE DEPORTABLE COULD APPLY TO THE ATTORNEY GENERAL FOR A WAIVER OF DEPORTATION UNDER § 212 (c) OF THE IMMIGRATION AND NATIONALITY ACT 8 U.S.C. § 1182 (c) AND MORE THAN HALF OF THE ALIENS WHO APPLIED FOR SUCH DISCRETIONARY RELIEF WERE GRANTED WAIVERS.

IN ST. CYR IT WAS HELD THAT IMMIGRANTS DO NOT FACE AUTOMATIC DEPORTATION, WITH NO RIGHTS OF JUDICIAL REVIEW BUT CAN STILL SEEK EXEMPTIONS UNDER THE OLD RULES.

THERE COULD BE NO QUESTION THAT PETITIONER MR. BOWEN REALLY FALLS UNDER WITHIN THE SAME CIRCUMSTANCES OF ST. CYR. THEREFORE PETITIONER MR. ALLISON NOEL BOWEN RESPECTFULLY PRAYS THAT THE COURT TAKE INTO CONSIDERATION, WHILE MAKING A FINAL DETERMINATION CONSIDERING THE FACTORS SET FORTH ON I.N.S. VS. ST. CYR, 533-U.S.-289 (2001).

IN ST. CYR, THE SUPREME COURT HELD THAT § 212 (c) RELIEF "REMAINS AVAILABLE FOR ALIENS... WHOSE CONVICTIONS WERE OBTAINED THROUGH PLEA AGREEMENTS AND WHO, NOTWITHSTANDING THOSE CONVICTIONS, WOULD HAVE BEEN ELIGIBLE FOR SECTION 212 (c) RELIEF AT THE TIME OF THEIR PLEA UNDER THE LAW THEN IN EFFECT." BASED ON ST. CYR, MR. BOWEN CLAIMS THE § 212 (c) RELIEF (WAIVER OF DEPORTATION) WAS AVAILABLE AT THE TIME OF MR. BOWEN PLEA UNDER THE LAW WAS THEN IN EFFECT.

IN UNITED STATES V. MENDOZA-LOPEZ, 481 U.S. 828, 107 S. CT. 2148 (1987), THE SUPREME COURT HELD THAT AN ALIEN WHO IS BEING PROSECUTED UNDER THE ILLEGAL RE-ENTRY STATUE (8 U.S.C. §1326) CAN, IN SOME CIRCUMSTANCES, ASSERT A CHALLENGE TO AN UNDERLYING DEPORTATION ORDER. 481 U.S. AT 839.

THE FIFTH CIRCUIT, INTERPRETING MENDOZA-LOPEZ, HAS FORMULATED A THREE PART TEST THAT MUST BE MET BY AN ALIEN SEEKING TO CHALLENGE A PRIOR DEPORTATION ORDER IN A § 1326 PROSECUTION. THE ALIEN MUST ESTABLISH THAT (1) THE PRIOR HEARING WAS "FUNDAMENTALLY UNFAIR;" (2) THE HEARING EFFECTIVELY ELIMINATED THE RIGHT OF AN ALIEN TO CHALLENGE THE HEARING BY MEANS OF JUDICIAL REVIEW OF THE ORDER; AND (3) THE PROCEDURAL DEFICIENCIES CAUSE THE ALIEN ACTUAL PREJUDICE.

THEREFORE PETITIONER MR. ALLISON NOEL BOWEN SUBMITS HIS COURT RECORDS AND ALL OF THE FUNDAMENTALLY UNFAIRNESS ARE IN THOSE RECORDS.

(1). THE FACT THAT THE I.N.S. WAITED (10) TEN YEARS UNTIL AFTER THE LAW CHANGE TO START DEPORTATION PRECEDING AGAINST MR. BOWEN IS A CLEAR VIOLATION OF PETITIONER RIGHTS.

PETITIONER WOULD LIKE TO EVOKE **BARTOLOME JHONNY SORIANO,**
**CONCURRING AND DISSENTING OPINION:**
**LORY D. ROSENBERG, BOARD MEMBER.**
I RESPECTFULLY CONCUR IN PART.
THE DECISION TODAY SEEK TO RESOLVE THE AMBIGUITY PRESENTED BY SECTION 440 (b) OF THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT

OF 1996, PUB. L. NO. 104-132, 110 STAT. 1214, 1277 (ENACTED APR. 24, 1996) ("AEDPA"), WHICH AMENDS THE CATEGORY OF OTHERWISE ELIGIBLE LAWFUL PERMANENT RESIDENT ALIENS PRECLUDED FROM A WAIVER UNDER SECTION 212 (c) OF THE IMMIGRATION AND NATIONALITY ACT, 8 U.S.C. § 1182 (c) (1994).

THE TEXT OF THIS SECTION, AS SET FORTH BY THE MAJORITY, CONTAINS NO EXPRESS PROVISION SPECIFYING AN EFFECTIVE DATE FOR THIS AMENDMENT. THE MAJORITY OPINION PROPERLY RECOGNIZES THAT THE FACT THAT THE AEDPA BECOME LAW ON APRIL 24, 1996 IS NOT DISPOSITIVE OF THE EFFECT OF SECTION 440 (d) ON AN ALIEN WHO "IS DEPORTABLE" ON THE GROUNDS OF DEPORTABILITY DESIGNATED IN THAT SECTION.

IN ESSENCE, WE HOLD THAT TWO RELATED FACTORS, TRADITIONAL PRINCIPLES OF STATUTORY CONSTRUCTION AND SUPREME COURT LAW INTERPRETING THE APPLICATION OF NEW STATUES TO PRE-EXISTING CIRCUMSTANCES, MUST CONTROL THE REACH OF THIS PROVISION OF THE AEDPA. SEE **LANDARAF V. USI FILM PRODUCTS**, 114 S.CT. 1483 (1994). IN THE CONTEXT OF THE APPEAL BEFORE US, IT IS NECESSARY ONLY TO FIND, AS THE MAJORITY DOES, THAT THE AMENDMENT DOES **NOT** APPLY TO PENDING APPLICATIONS ALREADY FILED BY ALIENS IN DEPORTATION PROCEEDINGS. THUS, THE RESPONDENT, WHO IS DEPORTABLE BY REASON OF A CONVICTION FOR A COVERED OFFENCE, REMAINS ELIGIBLE TO HAVE HIS PENDING APPLICATION FOR A WAIVER OF DEPORTABILITY UNDER SECTION 212 (c) DETERMINED. FOR PURPOSES OF THE SCENARIO PRESENTED IN THIS APPEAL, I CONCUR.

### PETITIONER WOULD ALSO LIKE TO EVOKE
### UNITED STATES V. ARIETTA

DEFENDANT WAS CONVICTED OF REENTERING THE UNITED STATES AFTER BEING DEPORTED, ... THE COURT OF APPEALS, FERGUSON, CIRCUIT JUDGE, HELD THAT: (1) ALIEN'S WAIVER OF RIGHTS TO APPEAL DEPORTATION ORDER WAS NOT CONSIDERED AND INTELLIGENT, AND HIS DUE PROCESS RIGHTS WERE THUS VIOLATED; (2) STATUTORY BAR TO DISCRETIONARY RELIEF FROM DEPORTATION DUE TO EXTREME HARDSHIP APPLIES ONLY TO THOSE

AGGRAVATED FELONS WHO ARE PROCESSED THROUGH EXPEDITED REMOVAL PROCESSES; AND (3) ALIENS WERE PREJUDICED BY DUE PROCESS VIOLATION. **REVERSED.**

    (1) IF A DEFENDANT'S DEPORTATION PROCEEDINGS FAIL TO PROVIDE HIM OR HER A MEANINGFUL OPPORTUNITY FOR JUDICIAL REVIEW OF THE UNDERLYING DEPORTATION, THE VALIDITY OF THE DEPORTATION MAY BE COLLATERALLY ATTACKED IN A CRIMINAL PROCEEDING IN WHICH THE DEFENDANT IS CHARGED WITH REENTERING THE UNITED STATES AFTER BEING DEPORTED. IMMIGRATION AND NATIONALITY ACT, § 176, AS AMENDED, 8 U.S.C.A. § 1326.

    (2) A DEFENDANT CHARGED WITH REENTERING THE UNITED STATES AFTER BEING DEPORTED CAN SUCCEED IN A COLLATERAL CHALLENGE TO THE VALIDITY OF THE DEPORTATION ONLY IF: (1) HIS OR HER DUE PROCESS RIGHTS WERE VIOLATED BY DEFECTS IN THE UNDERLYING PROCEEDING, AND (2) HE OR SHE SUFFERED PREJUDICE AS A RESULTS OF THE DEFECTS. U.S.C.A. CONST. AMENDED. 5; IMMIGRATION AND NATIONALITY ACT, § 176, AS AMENDED, 8 U.S.C.A. § 1326.

    (6) FOR A DEFENDANT CHARGED WITH ILLEGALLY REENTERING THE UNITED STATES AFTER DEPORTATION TO ESTABLISH PREJUDICE RESULTING FROM A DEFECT IN THE UNDERLYING DEPORTATION PROCEEDING, FOR PURPOSES OF COLLATERAL ATTACK, THE DEFENDANT DOES NOT HAVE TO SHOW THAT HE OR SHE ACTUALLY WOULD HAVE BEEN GRANTED RELIEF; INSTEAD, THE ALIEN MUST ONLY SHOW THAT HE OR SHE HAD A PLAUSIBLE GROUND FOR RELIEF FROM DEPORTATION. IMMIGRATION AND NATIONALITY ACT, § 176, AS AMENDED, 8 U.S.C.A. § 1326.

(9) THE EXISTENCE OF FAMILY TIES IN THE UNITED STATES IS THE MOST IMPORTANT FACTOR IN DETERMINING HARDSHIP WARRANTING A DISCRETIONARY WAVIER OF DEPORTATION. IMMIGRATION AND NATIONALITY ACT, § 212 (h) AS AMENDED, 8 U.S.C.A. § 1182 (h).

PETITIONER RESPECTFULLY SUBMITS, THAT, THE ISSUES HERE IS WHETHER MR. BOWEN WAS PREJUDICED BY THE DEFECT IN THE DEPORTATION PROCEEDING.

IN ORDER TO ESTABLISH PREJUDICE, MR. BOWEN DOES NOT HAVE TO SHOW THAT HE ACTUALLY WOULD HAVE BEEN GRANTED RELIEF. INSTEAD, HE MUST ONLY SHOW THAT HE HAD A "PLAUSIBLE" GROUND FOR RELIEF FROM DEPORTATION. ARCE-HRENANDEZ, 163 F. 3d AT 563; UNITED STATES V. JIMENEZ-MARMOLEJO, 104 F. 3d 1083, 1086 (9TH CIR. 1996).

### CHARLES JIDEONWO V. I.N.S.

(5) THE SUPREME COURT HAS HELD THAT APPLYING A LAW RETROACTIVELY SUCH THAT IT RESULTS IN "MANIFEST INJUSTICE" VIOLATES THE DUE PROCESS CLAUSE. SEE BRADLEY V. SCHOOL OF Bd. OF CITY OF RICHMOND, 416 U.S. 696, 716, 94 S. Ct. 2006, 40 L. Ed. 2d 476 (1994). MANIFEST INJUSTICE MAY OCCUR WHERE A NEW LAW CHANGES EXISTING RIGHTS OR IMPOSES UNANTICIPATED OBLIGATIONS ON A PARTY WITHOUT PROVIDING APPROPRIATE NOTICE. SEE id. AT 720, 94 S.Ct. 2006; SEE ALSO LANDGRAF V. USI FILM PRODS. 511 U.S. 244, 266, 114 S.Ct. 1483, 128 L. Ed. 2d. 229 (1994). ("THE DUE PROCESS CLAUSE ALSO PROTECTS THE INTERESTS IN FAIR NOTICE AND REPOSE THAT MAY BE COMPROMISED BY RETROACTIVE LEGISLATIONS."). RETROSPECTIVE CHANGES IN INS PROCEDURE HAVE BEEN FOUND TO VIOLATE THE DUE PROCESS RIGHTS OF AFFECTED ALIENS. FOR EXAMPLE, IN ACCARDI V. SHAUGHNESSY, THE SUPREME COURT HELD THAT RETROACTIVELY CHANGING A PROCEDURE FOR GRANTING RELIEF FROM DEPORTATION FROM ONE OF DISCRETION TO ONE OF PREDETERMINED RESULTS VIOLATES THE DUE PROCESS CLAUSE WHERE IT TOOK AWAY A PROCEDURE TO WHICH THE ALIEN-PETITIONER PREVIOUSLY HAD A RIGHT PRESCRIBED BY STATUE. 347 U.S. 260, 266-68, 74 S.Ct. 499 98 L. Ed. 681 (1954); SEE ALSO TASIOS V. RENO, 204,F. 3d. 544, 552 (4TH CIR. 2000). SIMILARLY IN REYES-HERNANDEZ, WE HELD THAT RETROACTIVE APPLICATION OF § 440 (d) TO AN ALIEN WHO HAD CONCEDED A COLORABLE DEFENSE TO DEPORTABILITY IN RELIANCE ON BEING CONSIDERED FOR § 212 (c) RELIEF VIOLATED THE ALIEN'S DUE PROCESS RIGHTS. 89 F. 3d. AT 493; SEE MUSTO, 193 F. 3d. AT 891.

CONCLUSION

FOR THE FORGOING REASONS, PETITIONER, ALLISON NOEL BOWEN, RESPECTFULLY REQUESTS THAT THIS HONORABLE COURT GRANT PETITIONER, RELIEF HEREIN REQUESTED. PETITIONER PRAYS THAT THIS HONORABLE COURT WOULD GRANT THIS MOTION FOR THE BEST INTEREST OF JUSTICE.

**EXECUTED THIS 27th DAY OF AUGUST 2003.**

**RESPECTFULLY SUBMITTED,** ------------------------------------------------------------

ALLISON NOEL BOWEN

REG. NO. 11501-179

INTERSTATE UNIT

1801 WEST I-20

BIG SPRING TEXAS 79720.