/3

United States District Court
Southern District of Texas
FILED

SEP 2 5 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT

BROWNSVILLE DIVISION

ALLISON NOEL BOWEN.
        AFFIANT

CASE NUMBER: $CA6-03-32$

V.

(TO BE SUPPLIED BY CLERK'S OFFICE)

UNITED STATES OF AMERICA

DEFENDANT (S)

### AFFIDAVIT OF INDIGENCY

(EACH PLAINTIFF MUST COMPLETE A SEPARATE AFFIDAVIT OF INDIGENCY)
I, ALLISON NOEL BOWEN, BEING FIRST DULY SWORN, DEPOSE AND MAKE UNDER
OATH THE FOLLOWING APPLICATION AND AFFIDAVIT, PURSUANT TO TITLE 28
U.S.C. § 1915, TO PROCEED IN FORMA PAUPERIS IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF TEXAS. I AM UNABLE TO MAKE
PAYMENT OF FEES AND COST OR TO GIVE SECURITY THERE FOR, AND IT IS MY
BELIEF THAT I AM ENTITLED TO REDRESS, AND THAT I HAVE NOT, FOR THE
PURPOSE OF AVOIDING PAYMENT OF SAID COST, DIVESTED MYSELF OF ANY
PROPERTY, MONIES, OR ANY ITEMS OF VALUE.

1. BRIEF STATEMENT OF THE NATURE OF THE ACTION _____

_____

_____

_____

11. RESIDENCE:        BELIZE

1

AFFIANT'S ADDRESS: <u>INTERSTATE UNIT 1801 WEST I-20</u>

(STREET)

<u>BIG SPRING</u>                    <u>TEXAS</u>                        <u>79720</u>

(CITY)                    (STATE)                (ZIP CODE)

111. <u>MARITAL STATUS:</u>

    ¹  SINGLE <u>✓</u> MARRIED_  SEPARATED_  DIVORCE_

2. IF MARRIED, SPOUSE'S FULL NAME: _____

IV. DEPENDENTS:

    1.  NUMBER_____

    2.  RELATIONSHIP TO DEPENDENT(S):_____

    3.  HOW MUCH DO YOU CONTRIBUTE TO YOUR DEPENDENTS' SUPPORT ON A

        MONTHLY BASIS? $ _____

V. <u>EMPLOYMENT:</u> (INFORMATION PROVIDED BELOW APPLIES TO YOUR PARENT

EMPLOYMENT OR LAST EMPLOYMENT.)

    1.  NAME OF EMPLOYER: _____

(STREET)

(A) ADDRESS OF EMPLOYER: _____

(CITY)    (STATE)    (ZIP CODE)

(B) STATE HOW LONG AFFIANT HAS BEEN (WAS) EMPLOYED BY PRESENT (OR

LAST) EMPLOYER?    YEARS: ____ MONTHS: _____

(C) INCOME:    MONTHLY: $ _____ OR    WEEKLY: $ _____

(D) WHAT IS (WAS) AFFIANT'S JOB TITLE? _____

    2. IF UNEMPLOYED, DATE OF LAST EMPLOYMENT: _____

  3. IS SPOUSE EMPLOYED? ____ IF SO, NAME OF EMPLOYER: _____

A. INCOME:   MONTHLY $ _____ OR      WEEKLY $ _____

B. WHAT IS SPOUSE'S JOB TITLE? _____

4.   ARE YOU AND / OR YOUR SPOUSE RECEIVING WELFARE AID? IF SO
     AMOUNT: MONTHLY $ _____ OR      WEEKLY $ _____

VI. FINANCIAL STATUS.

   (1) OWNER OF REAL PROPERTY (EXCLUDING ORDINARY HOUSEHOLD
       FURNISHINGS AND CLOTHING):

   (a) DESCRIPTION: _____

   (b) FULL ADDRESS: _____
                          (STREET)                    (CITY)

   _____
            (STATE)                        (ZIP CODE)

   (C) IN WHOSE NAME? _____

   (D) ESTIMATED VALUE:                                $_____

   (E) TOTAL AMOUNT OWED:                              $ _____
        OWED TO: _____ FOR
                 _____ FOR  $ _____
        (F) ANNUAL INCOME FROM PROPERTY:               $ _____
   2.  OTHER ASSETS / PROPERTY:
       (A) AUTOMOBILE: MAKE _____ MODEL _____
           IN WHOSE NAME REGISTERED? _____
           PRESENT VALUE OF CAR: $ _____
           AMOUNT OWED: $ _____
           OWED TO: _____
       (B) TOTAL CASH IN BANKS, SAVINGS AND LOAN ASSOCIATIONS,
           PRISONER ACCOUNTS, FINANCIAL INSTITUTIONS, OTHER

3

REPOSITIONS, OR ANYWHERE ELSE: $

(C) LIST MONIES RECEIVED IN THE LAST TWELVE (12) MONTHS INTO YOUR HANDS, INTO BANKS, SAVINGS AND LOAN ASSOCIATIONS, PRISONER ACCOUNTS, OTHER FINANCIAL INSTITUTION, OR OTHER FORM OF

EMPLOYMENT:                                              $ _____

RENT PAYMENTS, INTEREST, OR DIVIDENDS:        $ _____

PENSIONS, ANNUITIES, OR LIFE INSURANCE PAYMENT: $_____

GIFTS OR INHERITANCES:                              $ _____

STOCKS, BONDS, OR NOTES:                           $ _____

OTHER SOURCES:                                       $ _____

## 3. OBLIGATIONS:

(A) MONTHLY RENTAL ON HOUSE OR APARTMENT:        $ _____

(B) MONTHLY MORTGAGE PAYMENT ON HOUSE:           $ _____

4. OTHER INFORMATION PERTINENT TO AFFIANT'S FINANCIAL DEBTS AND OBLIGATIONS:

_____   _____   _____

   (CREDITOR)              (TOTAL DEBT)          (MONTHLY PAYMENTS)

_____   _____   _____

   (CREDITOR)              (TOTAL DEBT)          (MONTHLY PAYMENT)

_____   _____   _____

   (CREDITOR)              (TOTAL DEBT)          (MONTHLY PAYMENT)

OTHER (EXPLAIN): _____

_____

## VII. FOR PRISONER AFFIANT'S ONLY:

   1. DATE (S) OF INCARCERATION: _____

   2. ESTIMATED RELEASE OR PAROLE DATE: _____

   3. A COPY OF THE PRISONER'S ACCOUNT STATEMENT CONTAINING ALL
      TRANSACTIONS

IN AFFIANT'S PRISONER'S ACCOUNT FOR THE SIX (6) MONTHS IMMEDIATELY PRECEDING THE FILING OF THE COMPLAINT OF PETITION <u>MUST</u> ACCOMPANY THIS AFFIDAVIT. THE ACCOUNT STATEMENT MUST BE OBTAINED FROM AN AUTHORIZED OFFICIAL OF EACH PRISON AT WHICH THE PRISONER IS OR WAS CONFINED DURING THIS PERIOD OF TIME. THE ACCOUNT STATEMENT MUST BE IN THE FORM OF A COMPUTER PRINTOUT OR BANK LEDGER CARD PREPARED BY THE INSTITUTION OR AN ACCOUNT STATEMENT PREPARED BY AN AUTHORIZED OFFICER OF THE INSTITUTION. **FAILURE TO PROVIDE THIS ACCOUNT STATEMENT MAY RESULTS IN THE DISMISSAL OF THIS ACTION.**

*THE REQUIREMENT TO SUBMIT THE ACCOUNT STATEMENT DOES NOT NEGATE THE PRISONER AFFIANT'S RESPONSIBILITY TO ENSURE THAT THE AFFIDAVIT CERTIFICATE FOUND ON PAGE 6 OF THIS AFFIDAVIT OF INDIGENCE IS ALSO PROPERLY EXECUTED AND FILED.*

\* \* \* \* \* \* \* \* \* ·

## AFFIDAVIT CERTIFICATE

### (PRISONER ACCOUNTS ONLY)

I HEREBY CERTIFY THAT ___Bowen, Allison Noel___, HAS THE SUM OF

(NAME OF AFFIANT)

$ __2.12__    AS OF ___9-10-03___ ON ACCOUNT TO HIS CREDIT

DATE.

AT THE ___Commissary J.S. Connell___ INSTITUTION WHERE HE

IS CONFINED. I FURTHER CERTIFY THAT THE ABOVE NAMED PRISONER

AFFIANT HAS THE FOLLOWING SECURITIES TO HIS CREDIT ACCORDING TO

THE RECORDS OF THIS INSTITUTION:

_____

_____

_____

___Elda Zamora___

AUTHORIZED OFFICER OF INSTITUTION

7

## VIII. ALL AFFIANT'S MUST READ AND SIGN:

I THE UNDERSTAND THAT ANY FALSE STATEMENT (S) OF A MATERIAL FACT CONTAINED HEREIN MAY SERVE AS THE BASIS OF PERSECUTION AND CONVICTION FOR PERJURY OR MAKING FALSE STATEMENTS. FURTHER, I CERTIFY THAT ALL QUESTIONS CONTAINED HEREIN HAVE BEEN ANSWERED AND ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF.

_____
SIGNATURE OF AFFIANT

STATE OF TEXAS

COUNTY OF __Howard__

THE FOREGOING INSTRUMENT WAS ACKNOWLEDGE BEFORE ME THIS September
DAY OF __11th__, 2003. __Allison Noel Boen #1150l-179__
(INSERT NAME OF PERSON ACKNOWLEDGED)

WHO IS PERSONALLY KNOWN TO ME OR WHO HAS PRODUCED __Affidavit Of Indigency__, AS IDENTIFICATION AND WHO (DID) (DID NOT)
(STATE TYPE OF IDENTIFICATION)

AN OATH.

_____
NOTARY PUBLIC

| LUPE GARCIA |
| NOTARY PUBLIC |
| STATE OF TEXAS |
| My Commission Expires 08-02-2006 |

MY COMMISSION EXPIRES:
__8-2-06__

6

## Appointment of Counsel

The Anti-Drug Abuse Act of 1988 also may authorize appointment of counsel after the commencement of habeas corpus proceedings inasmuch as it authorize appointment if the petitioner "is or becomes financially unable to obtain adequate representation." 21 U.S.C. § 848 (q)(4)(A) . (emphasis added).

1). **Hughes v. Joliet Correctional Center**, 931 F.2d 425, 429 (7th Cir. 1991) (section 1915 case) ("In deciding whether to grant a motion for appointment of counsel, a district judge must be alert to the pitfalls that confront laymen in dealing with non-intuitive procedural requirements applied in a setting of complex legal doctrine.")

2). **Battly v. Armontrout**, 902 F.2d 701, 702 (8th Cir. 1990) ("The factual and legal issues are sufficiently complex and numerous that appointment of counsel would benefit both Battle and the court by allowing counsel to develop Battle's arguments and focus the court's analysis.")

3). **Denton v. Hernandez**, 112 S.Ct. 1728, 1732 (1992) ("In enacting the federal *in forma pauperis* statute, Congress 'intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because . . . poverty make it impossible . . . to pay or secure the costs' of litigation'").

4). **Hustler Magazine, Inc. v. United States District Court.**, 790 F.2d 69, 71 (10th Cir. 1986) (mandamus granted and district court's section 1404(a) decision overturned due to district court's failure to hold hearing and to consider "the interests of justice and the convenience of the parties and the witness" as required by 28 U.S.C. § 1404(a)); id at 73. (McKay, J., concurring) ("until the trial court affords petitioners a full hearing on the issue, and conscientiously considers the factors set forth in § 1404(a), it has not fulfilled its statutory duty" and "it is appropriate for us to invoke the extraordinary remedy of mandamus")

5). **In re Nine Mile Limited**, 673 F.2d 242, 243-44 (8th Cir. 1982).

6). **Schwilm v. Holbrook**, 661 F.2d 12, 16 (3rd Cir. 1981)

7). **Starness v. McGnire**, 512 F.2d 918, 925-26 (D. Cir. 1974).