United States District Court
Southern District of Texas
ENTERED
APR 0 1 2004
Michael N. Milby, Clerk of Court
By Deputy Clerk

United States District Court
Southern District of Texas
FILED
MAR 3 1 2004
Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ALLISON NOEL BOWEN, a.k.a. Allison Noel Jenkins, Petitioner, § § § § | |
| v. § § | CIVIL ACTION NO. B-03-032 (CRIMINAL NO. B-01-488) |
| UNITED STATES OF AMERICA, Respondents. § § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Allison Noel Bowen ("Petitioner") has filed a timely 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Docket No. 1). In addition, Petitioner filed –what he has labeled– a Motion to Show Cause and Application for Waiver of Deportation Under Section 212(c) (Docket No. 2), which this Court initially construed as an amendment to his motion to vacate (See Docket No. 3).[1] In response, the Government filed an answer in conjunction with a motion to dismiss (Docket No. 9).

Since the Government filed its answer, Petitioner has submitted several other documents, which this Court will interpret as further amendments to his Section 2255 motion (See Document Nos. 11, 12 and 14). Having reviewed the motion and all amendments thereto, along with the Government's answer, the Court recommends that the relief sought by Petitioner be denied and that the Government's Motion to Dismiss be granted.

## BACKGROUND

---

[1] For reasons set out later in this Report and Recommendation, the Court has determined that the Petitioner's motion should be construed as a request for habeas review pursuant to 28 U.S.C. § 2241.

On September 27, 2001, the Petitioner was charged with attempted illegal re-entry into the United States after deportation subsequent to a conviction for an aggravated felony (count 1), in violation of 8 U.S.C. § 1326(a) & (b); he was also charged with making a false claim of United States citizenship (count 2), in violation of 18 U.S.C. § 1911. Bowen pleaded guilty to count 1 pursuant to an agreement with the Government, whereby the Government agreed to dismiss the remaining count at sentencing.

In part because of an extensive criminal history (See generally the PSR), Bowen was sentenced to 46 months in prison and to a three-year term of supervised release. Although Bowen was not charged a fine, a $100 special assessment was imposed.

Bowen filed a timely direct appeal challenging the constitutionality of the felony and aggravated felony provisions of the illegal re-entry statute. On December 12, 2002, the Fifth Circuit affirmed the judgment of conviction and sentence. *See United States v. Allison Noel Bowen*, 54 Fed. Appx. 797, 2002 WL 31845764 (5th Cir. Dec. 12, 2002) (not designated for publication).

Following the issuance of the Fifth Circuit's decision, Bowen filed the timely Section 2255 motion herein being considered. The Court ordered the United States to respond to Bowen's motion, which they did. The issues raised by Bowen's motion are now ripe for judgment.

### ALLEGATIONS

In support of his motion to vacate, Petitioner Bowen argues that his trial counsel rendered ineffective assistance by failing to: (1) argue for a downward departure based on cultural assimilation; (2) argue that the statutory maximum penalty for illegal re-entry is 2 years; and (3)

argue that an alien captured in close proximity to the border and never free from official restraint cannot commit the offense of illegal re-entry according to *United States v. Pacheco-Medina*, 212 F.3d 1162 (9th Cir. 2000). In addition, Bowen claims that he should be allowed to collaterally attack his prior deportation and apply for a waiver of deportation.

## STANDARD FOR INEFFECTIVE ASSISTANCE

The constitutional standard for determining whether a criminal defendant has been denied effective assistance of counsel, as guaranteed by the Sixth Amendment, was announced by the Supreme Court in the case of *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness." *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994), *cert. denied*, 513 U.S. 1114 (1995). In so doing, a convicted defendant must carry the burden of proof and overcome a strong presumption that the conduct of his trial counsel falls within a wide range of

reasonable professional assistance. *See Strickland v. Washington*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 231 (5th Cir. 2000) (holding that trial counsel's decision not to put defendant on the stand in light of defendant's prior criminal record is a judgment call which seldom, if ever, will support a claim of ineffective assistance); *Green v. Johnson*, 160 F.3d 1029, 1035 n.1 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999); *Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993).

The courts are extremely deferential in scrutinizing the performance of counsel and make every effort to eliminate the distorting effects of hindsight. *See Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993); *Burger v. Kemp*, 483 U.S. 776, 789 (1987); *Strickland v. Washington*, 466 U.S. at 689; *United Stats v. Drones*, 218 F.3d 496, 500-03 (5th Cir. 2000). It is strongly presumed that counsel has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *See Strickland v. Washington*, 466 U.S. at 690; *Duff-Smith v. Collins*, 973 F.2d at 1182. An attorney's strategic choices, usually based on information supplied by the defendant and from a thorough investigation of relevant facts and law, are virtually unchallengeable. *See Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998), *cert. denied*, 528 U.S. 895 (1999); *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997), *cert. denied*, 522 U.S. 944 (1997); *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997); *Boyle v. Johnson*, 93 F.3d 180, 187-88 (5th Cir. 1996), *cert. denied*, 519 U.S. 1120 (1997); *West v. Johnson*, 92 F.3d 1385, 1406-09 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997).

Counsel is required neither to advance every non-frivolous argument nor to investigate every conceivable matter inquiry into which could be classified as non-frivolous. *See Neal v. Cain*, 141 F.3d 207, 214-15 (5th Cir. 1998); *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir.

1995); *Smith v. Collins*, 977 F.2d 951, 960 (5th Cir. 1992), *cert. denied*, 510 U.S. 829 (1993). Furthermore, a criminal defense counsel is not required to exercise clairvoyance during the course of a criminal trial. *See Sharp v. Johnson*, 107 F.3d 282, 290 n.28 (5th Cir. 1997) (citing *Garland v. Maggio*, 717 F.2d 199, 207 (5th Cir. 1983)). Likewise, the Sixth Amendment does not require that counsel do what is impossible or unethical; if there is no bona fide defense to the charge, counsel is not required to create one. *See United States v. Cronic*, 466 U.S. 648, 656 n.19 (1984); *Jones v. Jones*, 163 F.3d at 303.

The proper standard for evaluating counsel's performance under the Sixth Amendment is "reasonably effective assistance." *Strickland v. Washington*, 466 U.S. at 687; *Bullock v. Whitley*, 53 F.3d 697, 700 (5th Cir. 1995). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland v. Washington*, 466 U.S. at 691, 104 S.Ct. at 2067. "Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.* In order to establish that he has sustained prejudice, the convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Williams v. Taylor*, 529 U.S. at 391; *Strickland v. Washington*, 466 U.S. at 694.

The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair; unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any

substantive or procedural right to which the law entitles him. *Williams v. Taylor*, 529 U.S. at 393 n.17; *Strickland v. Washington*, 466 U.S. at 692.

The *Strickland* test has been applied to challenges to guilty pleas based on allegations of ineffective assistance of counsel. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996); *Randle v. Scott*, 43 F.3d at 225; *Armstead v. Scott*, 37 F.3d at 206. To demonstrate prejudice in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for the alleged errors of his attorney, he would not have pleaded guilty but would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. at 58-59; *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000), *cert. denied*, 531 U.S. 919 (2000); *United States v. Payne*, 99 F.3d at 1282; *Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995), *cert. denied*, 516 U.S. 1133 (1996).

Because a convicted defendant must satisfy <u>both</u> prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice under that test makes it unnecessary to examine the other prong. *See Strickland v. Washington*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d at 721; *Green v. Johnson*, 116 F.3d at 1122; *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); *Armstead v. Scott*, 37 F.3d at 210. Therefore, failure to establish that counsel's performance fell below an objective standard of reasonableness renders moot the issue of prejudice. *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987), *cert. denied*, 484 U.S. 842 (1987). It is also unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice. *See Black v. Collins*, 962 F.2d at 401; *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986), *cert. denied*, 482 U.S. 916 (1987); *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986),

*cert. denied*, 479 U.S. 1057 (1987). Mere conclusory allegations in support of claims of ineffective assistance of counsel are insufficient, as a matter of law, to raise a constitutional issue. *See Kinnamon v. Scott*, 40 F.3d 731, 735 (5th Cir. 1994), *cert. denied*, 513 U.S. 1054 (1994); *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994); *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990); *Russell v. Lynaugh*, 892 F.2d 1205, 1213 (5th Cir. 1989), *cert. denied*, 501 U.S. 1259 (1991).

### BOWEN'S INEFFECTIVE ASSISTANCE CLAIMS

#### Cultural Assimilation

Petitioner's first argument is founded on counsel's alleged failure to argue for a downward departure from the sentencing guidelines based on Bowen's "cultural assimilation." In support of his argument, Petitioner contends that the only life he knows is in the United States; in short, Petitioner claims he returned to this country because he has lived here practically his whole life and because his family resides here. Petitioner asserts that "[c]ultural assimilation may also be relevant to the character of a defendant sentenced under U.S.S.G. section 2L1.2 insofar as his culpability might be lessened if his motives were familial or cultural rather than economic" (Docket No. 1, at page 3).

As the Government points out, the Petitioner has an extensive criminal record. Indeed, a large portion of the time he has spent "assimilating" was spent in a jail cell. According to the Government, Bowen's criminal history would have resulted in a motion for downward departure based on cultural assimilation being rejected.

Both the Government and the Petitioner seem to have overlooked the fact that Bowen's counsel **did** move for downward departure based on cultural assimilation prior to sentencing (*See*

Crim. No. B-01-488, Docket No. 28 at page 2) ("Defendant respectfully requests a downward departure based on cultural assimilation . . . ."). Furthermore, the Petitioner's motion for downward departure was rejected (See Crim. No. B-01-488, Docket No. 31). Accordingly, Petitioner cannot show "prejudice" as that term has been defined in jurisprudence related to ineffective assistance of counsel, nor can he show that his counsel's performance was deficient. To state the matter in simple terms, Bowen is complaining about his counsel's failure to do something that counsel actually did. Accordingly, Bowen has failed to establish ineffective assistance of counsel regarding counsel's "failure" to request a downward departure based on cultural assimilation. *See generally Strickland*, 466 U.S. 668.

**Maximum Sentence Under 8 U.S.C. §§ 1326 (a) & (b)**

Bowen's second ineffective assistance of counsel argument is based on his belief that the maximum penalty for illegal re-entry is two years. More specifically, Petitioner contends that his counsel failed to argue that the aggravated felony provision of the illegal re-entry statute, which enhances the maximum penalty to twenty years, is unconstitutional based on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000). Petitioner argues that § 1326(b)'s imposition of a twenty-year maximum sentence is unconstitutional, and therefore his attorney should have brought the issue to the court's attention. Interestingly, Bowen's counsel did precisely that. On direct appeal, Bowen's counsel raised this exact *Apprendi* argument before the Fifth Circuit.

Despite the fact that Bowen is claiming his counsel was ineffective for not doing something he actually did –which would seem to belie the very notion of ineffective assistance, as well as logic itself– this Court will address Petitioner's *Apprendi* argument for the sake of thoroughness.

8

The rule mandated by the Supreme Court and the Fifth Circuit is that § 1326(b)(2) is a statutory enhancement of illegal reentry and not a separate element of the offense. *See Almendarez-Torres v. United States*, 523 U.S. 224, 227, 118 S.Ct. 1219 (1998); *Apprendi v. United States*, 530 U.S. at 489-90; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1214 (2001). Because it is a statutory enhancement, § 1326(b)(2) need not be alleged in the indictment. *See id.*

To the extent Petitioner is asking that the cases standing contrary to his position be overruled, it is clear that this Court lacks any such authority and thus his request must be denied. *Dabeit*, 231 F.3d at 984 (ruling, in regard to this exact issue, that the Fifth Circuit "has a duty to follow precedent, especially Supreme Court precedent"). Furthermore, Bowen cannot show his counsel's performance was deficient, seeing that counsel raised the exact issue on appeal which he now claims was not raised. In addition, Bowen cannot establish prejudice because of the existing precedent foreclosing his various arguments related to *Apprendi*, which dictates he has no chance of success in the district court or circuit court. Accordingly, Bowen has failed to establish ineffective assistance of counsel regarding his alleged *Apprendi* claim. *See generally Strickland*, 466 U.S. 668.

### Attempted Illegal Reentry

The third prong of Petitioner's ineffective assistance of counsel claim relates to his contention that his trial counsel failed to argue that an alien who is never free from official constraint and who is captured close to the border cannot commit the offense of illegal re-entry according to *United States v. Pacheco-Medina*, 212 F.3d 1162 (9th Cir. 2000).

To begin with, *Pacheco-Medina* is inapposite. In that case, the defendant was wrongfully charged with illegal re-entry. In the case at hand, Bowen was charged with **attempted** illegal re-entry. In arguing that he never officially entered the United States, Petitioner apparently fails to recognize that he was charged, adjudicated and sentenced for attempted illegal reentry, not unlawful reentry. As the case of *United States v. Cardenas-Alvarez*, 987 F.2d 1129 (5th Cir. 1993) makes clear, actual entry is immaterial to the charge of attempted illegal reentry.

There is no evidence rebutting the presumption of effective assistance of counsel in this case. Petitioner was properly charged and adjudicated for attempted illegal reentry, and Bowen cannot demonstrate his counsel was ineffective because –according to precedent– his conviction for illegal re-entry was proper. Furthermore, any attempt to establish prejudice would fail because any motion by counsel to dismiss the indictment would have been denied based on existing law. Accordingly, Bowen's claim of ineffective assistance relating to *United States v. Pacheco-Medina* proves to be unavailing.

### BOWEN'S PUTATIVE COLLATERAL ATTACK ON DEPORTATION

As previously mentioned, in addition to his Section 2255 Motion, Petitioner filed a Motion to Show Cause and Application for Waiver of Deportation Under § 212(c), which this Court initially construed as an amendment to his Section 2255 motion (See Docket Nos. 2 and 3). Upon further review, the Court is convinced that Petitioner's § 212 motion would more properly be framed as a request for habeas review pursuant to 28 U.S.C. § 2241. *See, e.g., Toscano-Gil v. Trominski*, 210 F.3d 470, 472 (5th Cir. 2000); *see also INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271 (2001); *Herbst v. Scott*, 42 F.3d 902, 905 (5th Cir.1995) (construing the pro se petitioner's attack on his expired Texas sentence as an attack on the Texas conviction for which he was

currently incarcerated in order to find subject matter jurisdiction).

As a preliminary matter, it must be stated that while the Court is confident Bowen seeks relief from deportation, aside from that rather amorphous statement, little else regarding the Petitioner's claim is clear.[2] It appears Bowen is attempting to argue that, based on *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271 (2001), he should be permitted to apply for a waiver of deportation.[3] In conjunction with his putative request for waiver of deportation, Bowen fervently argues that he has been deported only once, not twice as the government has asserted.

To add to the confusion regarding Bowen's claims, he makes only veiled references to any past –or presently ongoing– deportation proceedings. In other words, though he may have presented the framework for a viable claim, discerning the specifics of his challenge has been tantamount to putting together the pieces of a puzzle –an enterprise that has been further complicated due to its place within the larger context of an area of the law which leaves much to be desired in terms of clarity.

## Jurisdiction

---

[2] There is some understandable confusion regarding whether Bowen is seeking to avoid deportation after his imprisonment for attempted illegal re-entry or whether he is attacking the underlying deportation that supported his present conviction. The government, after noting that the nature of Bowen's challenge is unclear, seems to treat Bowen's motion as attacking the underlying deportation. See Docket No. 9 at pages 13-15. This assumption is strengthened somewhat by Bowen's various replies to the Government's answer (*See, e.g.*, Docket No. 11 at page 6), wherein Bowen describes his motion as a collateral attack on a *prior* deportation. However, the initial motion (Docket No. 2), at least facially, appears to be requesting a waiver for his eventual deportation following his release from prison. To say that the matter is unclear is an understatement. Ultimately the Court can only state that it has gone to great lengths to ascertain the nature of Bowen's claim for relief.

[3] Petitioner contends he is "eligible for a §212(c) waiver since at the time that he committed the offense . . . the Antiterrorism and Effective Death Penalty Act of 1996 [was not yet in effect]" (Docket No. 2 at page 3).

The first question that must be considered is whether jurisdiction exists for this Court to entertain Bowen's challenge. *See St. Cyr*, 533 U.S. at 298, 121 S.Ct. at 2278; *Lara v. Trominski*, 216 F.3d 487, 491 (5th Cir. 2000). Because Bowen is the party seeking to invoke federal habeas jurisdiction, he bears the burden of demonstrating that jurisdiction is proper. *Lara v. Trominski*, 216 F.3d at 491 (citing *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998)).

Other than his stated reliance on the Supreme Court's decision in *St. Cyr*, Bowen asserts no particular basis for jurisdiction. This is troubling because after the passage of the IIRIRA in 1996, two sets of rules govern federal habeas jurisdiction in these types of cases. *See Perez v. Reno*, 227 F.3d 294, 294 (5th Cir. 2000) (per curiam); *Max-George v. Reno*, 205 F.3d 194 (5th Cir. 2000). The IIRIRA's transitional rules govern deportation proceedings that commenced before April 1, 1997 and concluded more than 30 days after IIRIRA's passage on September 30, 1996. *See Perez v. Reno*, 227 F.3d at 294; IIRIRA § 309(c)(11), (4), 110 Stat. 3009-625, -626. The IIRIRA's permanent rules govern deportation proceedings commenced after April 1, 1997. *See Perez v. Reno*, 227 F.3d at 294. Under either set of rules, habeas jurisdiction is limited. *See, e.g., Lara v. Trominski*, 216 F.3d 487 (5th Cir. 2000); *see also* 8 U.S.C. § 1252(g); *see also generally St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271 (2001).

That being said, habeas review under 28 U.S.C. § 2241 is not precluded in all cases in which deportation proceedings are implicated or challenged. *See Santos v. Reno*, 228 F.3d 591, 595-96 (5th Cir.2000) (noting that § 1252(g) does not preclude § 2241 review for all claims, but finding jurisdiction under § 2241 unavailable for claims "that can be considered on direct review" by the circuit court); *Toscano-Gil v. Trominski*, 210 F.3d 470, 472 (5th Cir.2000) (holding that "

§ 2241 habeas jurisdiction continues to exist ... in cases involving final orders of deportation against criminal aliens", except where § 1252(g) applies, and such review covers the retroactivity and equal protection claims before the court); *Alfarache v. Cravener*, 203 F.3d 381, 382 (5th Cir.2000) (finding that § 1252(g) did not apply to claims regarding "the Attorney General's discretion to grant relief from deportation pursuant to § 212(c) of the Immigration and Nationality Act"; equal protection; due process; and retroactivity); *Requena-Rodriguez v. Pasquarell*, 190 F.3d 299, 303 (5th Cir.1999) (holding that the section does not preclude review of a challenge to "a final deportation order"). Indeed, the Supreme Court subsequently clarified that federal courts retain "habeas jurisdiction under § 2241" in the aftermath of the 1996 enactments of the Antiterrorism and Effective Death Penalty Act of 1996 and the IIRIRA when § 1252(g) is not implicated. *See INS v. St. Cyr*, 533 U.S. 289, 312-14 & n. 34, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001).

Because Bowen does not state which set of deportation proceedings he is challenging in the case at hand, it is unclear which set of rules apply –i.e., it is not clear whether the transitional rules or the permanent rules of the IIRIRA would govern. Furthermore, Bowen provides no factual information related to any of his various deportation proceedings. In other words, it is impossible to determine if jurisdiction exists in order for this Court to review Bowen's claim. *See Lara v. Trominski*, 216 F.3d at 491; *Requena-Rodriguez*, 190 F.3d at 302-03, 306; *see also generally St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271 (2001).[4]

---

[4] Petitioner's apparent challenge of his prior deportation from the Port of Entry in Dallas, Texas –which he claims was not a deportation– also raises serious jurisdictional questions. When Bowen attempted to enter the United States via the Dallas airport, Bowen's visa was cancelled and his passport was stamped with an "Expedited Removal Order." *See* Docket No. 14, attached Passport of Allison Noel Bowen at page 7. According to its own terms, 8 U.S.C. § 1252(e)(2)

Because Bowen is proceeding pro se, this Court has construed his motion liberally; furthermore, in attempt to secure jurisdiction, the Court has interpreted Bowen's motion as a request for habeas relief under Section 2241 –which would be the only proper avenue for the redress he apparently seeks. *See Requena-Rodriguez*, 190 F.3d at 305; *McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 101-02 (5th Cir. 1995); *Herbst*, 42 F.3d at 905; *see also Alvarez-Zavala v. INS*, 2004 WL 420030 at *1-5 (N.D. Tex. February 19, 2004) (discussing available jurisdiction for similar claim). However, jurisdiction must be established definitively in order for this Court to entertain Bowen's claims. Even after construing Bowen's motion as a Section 2241 application for habeas relief, the Court cannot in good conscious state that jurisdiction has been established. There are simply too many undefined variables.[5]

This Court, being a tribunal of limited jurisdiction, only possesses "that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (citations omitted). Consequently, the Court must find that it lacks jurisdiction over the instant

---

limits the scope of review in habeas proceedings pertaining to expedited removal orders. Furthermore, given that Bowen seems to be asking that this Court determine whether he was admissible or entitled to relief from removal, it appears that the Court lacks jurisdiction to entertain such questions. *See id.*; *Brumme v. INS*, 275 F.3d 443 (5th Cir. 2001).

[5] In addition to not providing specifics regarding the timing of his various deportation proceedings, Bowen wholly fails to offer any information regarding how his various deportation proceedings progressed procedurally, whether he at any juncture has requested the relief he herein seeks from an immigration court, and, relatedly, whether he has exhausted any pertinent administrative remedies that are prerequisites to habeas relief. *See Goonsuwan v. Ashcroft*, 252 F.3d 383, 389 (5th Cir. 2001); *United States v. Sotelo-Mendoza*, 234 F.Supp.2d 671, 676-77 (W.D.Tex. 2002); *see also Lara v. Trominski*, 216 F.3d at 491 (stating that because the Petitioner is the party seeking to invoke federal habeas jurisdiction, he bears the burden of demonstrating that jurisdiction is proper).

action to the extent petitioner seeks relief from deportation. *See Lara v. Trominski*, 216 F.3d at 491.

### Merits of Bowen's Claim For Deportation Relief

Notwithstanding the above discussion regarding jurisdiction, for the sake of clarity and thoroughness the Court turns briefly to discuss –to the extent possible– the merits of Bowen's claim for deportation relief.

As noted above, Bowen seeks relief pursuant to the United States Supreme Court's decision in *St. Cyr*. Prior to the enactment of the IIRIRA and the AEDPA, the Attorney General had discretion to waive deportation in cases where a convicted permanent resident alien demonstrated that he had lawful unrelinquished domicile in the United States for at least seven consecutive years. *See* 8 U.S.C. § 1182(c) (repealed). Such relief, which was allowed for under the Immigration and Nationality Act of 1952, is commonly referred to as Section 212(c) relief. The IIRIRA repealed § 212(c) and replaced it with a new section that gives the Attorney General the authority to cancel removal for a narrow class of inadmissible or deportable aliens. *St. Cyr*, 121 S.Ct. at 2277, 533 U.S. at 297. So narrowed, the class does not include anyone previously convicted of any aggravated felony. *Id.*

In *St. Cyr*, the Supreme Court held that Section 212(c) relief remains available for aliens whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect. *Id.*, 121 S.Ct at 2293, 533 U.S. at 326.

As noted previously, without much more specificity, Bowen alleges he is entitled to relief pursuant to the above-discussed portions of *St. Cyr*. Firstly, it is unclear whether Bowen ever

sought Section 212(c) relief during any of his various deportation proceedings. Secondly, it is equally unclear whether Bowen is even eligible for such relief.

Although Bowen claims he is eligible because "at the time he committed the offense [rendering him deportable] the [Immigration and Nationality] Act had not been amended by the [AEDPA and the IIRIRA]," standing alone, such a fact, even if true, cannot establish his eligibility for relief under *St. Cyr*. In fact, Bowen has not even alleged that he meets the various requirements for eligibility. In other words, he has not alleged –much less demonstrated– that he had lawful unrelinquished domicile in the United States for at least seven consecutive years.[6] Furthermore, Bowen in no way shows that he meets the criteria established in *St. Cyr*. More specifically, it is not established that his prior conviction which led to deportation was even procured via a plea agreement, which is a necessary and significant component of relief under *St. Cyr*. See *St. Cyr*, 121 S.Ct. at 2292-93, 533 U.S. at 325-26; *see also USA v. Zaragoza*, 2004 WL 377559 at *5 (W.D.Tex. Feb. 9, 2004) (discussing the significance of plea bargaining in such cases). In summary, Bowen has fallen well short of establishing he is entitled to relief under *St. Cyr*.[7]

---

[6] Though Bowen resided in Chicago from 1977 until 1996, he did not become a legal permanent resident until August 4, 1984. *See* PSR. Furthermore, he was arrested for various offenses and in some cases served jail terms between 1986 and 1999 before being deported on July 20, 1999. It is unclear whether Bowen was here legally prior to gaining legal residency, and if he was not, such time cannot be counted towards the domicile requirement under 212(c). *Madrid-Tavarez v. INS*, 999 F.2d 111, 112-13 (5th Cir. 1993). In any event, it has not been established that Bowen had lawful unrelinquished domicile in the United States for at least seven consecutive years.

[7] In addition, depending on the timing of his deportation proceedings, Bowen could face an additional hurdle that was imposed by an amendment to 8 U.S.C. § 1182(c). In 1990, Congress amended § 212(c) to preclude from discretionary relief anyone convicted of an aggravated felony who had served a term of imprisonment of at least five years. *See St. Cyr*, 121

In addition, Bowen cannot establish that he meets the criteria for asserting a collateral attack on a deportation order.[8] In *United States v. Mendoza-Lopez*, 481 U.S. 828, 839, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987), the Supreme Court held that an alien being prosecuted under 8 U.S.C. § 1326 can, in some cases, assert a challenge to an underlying deportation order. The Fifth Circuit, pursuant to *Mendoza-Lopez*, has formulated a three-part test that must be met by an alien seeking to challenge a deportation order in a prosecution under Section 1326. *United States v. Mendoza-Mata*, 322 F.3d 829 (5th Cir 2003).

"[T]he alien must establish that 1) the prior hearing was 'fundamentally unfair;' 2) the hearing effectively eliminated the right of the alien to challenge the hearing by means of judicial review of the order and 3) the procedural deficiencies caused the alien actual prejudice." *Id.* at 832. The court further stated that where prejudice is not established, the alien is precluded from collaterally attacking the prior deportation via § 212(c). *Id.* at 834.

As is made clear by a review of Petitioner's various filings related to this case, Bowen falls well short of satisfying the requirements for eligibility to collaterally attack his deportation order. Besides generally stating that he meets the various prongs of the test, Bowen provides no basis for his eligibility to challenge a prior deportation (See Docket No. 11 at page 8). Perhaps most telling is Bowen's failure to establish that he was actually prejudiced by any procedural deficiencies. In this context, "a showing of prejudice means that 'there was a reasonable

---

S.Ct. at 2277, 533 U.S. at 297. Bowen was unquestionably incarcerated for a term of more than five years as a result of a conviction for an aggravated felony. *See* PSR.

[8] Although Bowen should have moved to have his § 1326 indictment dismissed and withdrawn his guilty plea in order to properly challenge his deportation in this manner, the Court is addressing the issue for the sake of clarity and thoroughness.


2255. Accordingly, this Court may recommend such a disposition of the Petitioner's motion as justice dictates. *See id.* For the reasons stated in the preceding portions of this Report and Recommendation, it is recommended that Petitioner's 28 U.S.C. 2255 Motion be DENIED. It is further recommended that the Government's Motion to Dismiss (Docket No. 9) be GRANTED.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE in Brownsville, Texas this 31st day of March, 2004.

Felix Recio
United States Magistrate Judge