United States District Court
Southern District of Texas
FILED

APR 2 6 2004

Michael N. Milby
Clerk of Court

B-03-CV-032

## Motion To Object To Magistrate Judge's
## Report And Recommendations

COMES NOW PETITIONER, ALLISON NOEL BOWEN, ACTING IN PROPRIA PERSONA, RESPECTFULLY MOVES THIS HONORABLE COURT TO VACATE, SET ASIDE AND CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255.

**Petitioner, Mr. Bowen would like to submit to this Honorable Court that**

THE COURT IN ALL FAIRNESS, SHOULD NEVER IMPOSE A SENTENCE GREATER THAN NECESSARY TO:

(A) REFLECT THE SERIOUSNESS OF THE OFFENCE, PROMOTE RESPECT FOR THE LAW, AND PROVIDE A JUST PUNISHMENT,

(B) AFFORD ADEQUATE DETERRENCE TO CRIMINAL CONDUCT,

(C) PROTECT THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT, AND

(D) PROVIDE THE DEFENDANT WITH NEEDED TRAINING, CARE, AND TREATMENT,

### 18 U. S. C. 3553 (a').

THE SUPREME COURT HAS TAKEN A VERY BROAD VIEW OF TRIAL COURT'S POWER TO DEPART FROM THE GUIDELINES, AND A VERY NARROW VIEW OF THE GROUNDS IN WHICH ARE PRECLUDED AS A MATTER OF LAW. RECOGNIZING THAT POTENTIAL DEPARTURE FACTORS "CANNOT, BY THEIR VERY NATURE, BE COMPREHENSIVELY LISTED AND ANALYZED IN ADVANCE" *UNITED STATES V. KOON, 116 S. CT. 2035 (1966)*. MR. BOWEN SUBMITS THAT THE FOLLOWING GROUNDS ADVANCED FOR DOWNWARD DEPARTURE ARE PERMISSIBLE UNDER KOON AND ARE OUTSIDE THE HEARTLAND OF TYPICAL CASE, AND THAT THESE GROUNDS, INDIVIDUALLY OR IN COMBINATION, WARRANT A DEPARTURE FROM THE CALCULATED GUIDELINE RANGE.

THE ISSUE OF "CULTURAL ASSIMILATION. WAS ADDRESSED RECENTLY BY THE NINTH CIRCUIT IN THE **UNITED STATES V. LIPMAN, 133 F.3d 726 (9th. CIR. 1998)**. **IN LIPMAN, THE NINTH CIRCUIT DEALT WITH** THE ISSUE OF THE ASSIMILATION OF AN INDIVIDUAL INTO AMERICAN SOCIETY BY THE LENGTH OF HIS LEGAL

RESIDENCY OVER TIME. THE ARGUMENT PUT FORTH WAS THAT THE CULTURAL ASSIMILATION MITIGATES THE CULPABILITY IN THAT THE REENTRY WAS MOTIVATED BY CULTURAL, EMOTIONAL AND PSYCHOLOGICAL TIES, RATHER THAN THE MERE BASE ECONOMIC MOTIVE OR INTENTION TO COMMIT FURTHER CRIMINAL ACTS.

THE **LIPMAN** COURT HELD THAT CULTURAL ASSIMILATION DOES PROVIDE A BASIS FOR THE DISTRICT COURT TO DEPART UNDER **U.S.S.G. §5K2.0.** SPECIFICALLY, THE NINTH CIRCUIT STATED:

CULTURAL ASSIMILATION MAY BE RELEVANT TO SENTENCING UNDER **U.S.S.G. SECTION 2L1.2** IF A DISTRICT COURT FINDS THAT A DEFENDANT'S UNUSUAL CULTURAL TIES TO THE UNITED STATES RATHER THAN ORDINARY ECONOMIC INCENTIVES-PROVIDED THE MOTIVATION FOR THE DEFENDANT'S ILLEGAL REENTRY OR CONTINUED PRESENCE IN THE UNITED STATES CULTURL ASSIMILATION MAY ALSO BE RELEVANT TO THE CHARACTER OF A DEFENDANT SENTENCE UNDER **U.S. S. G. SECTION 2L1.2** INSOFAR AS HIS CULPABILITY MIGHT BE LESSENED IF HIS MOTIVE WERE FAMILIAR OR CULTURAL RATHER THAN ECONOMIC. THUS UNLIKE THE GENERAL TREAT OF DEPORTATION, CULTURAL ASSIMILATION IS A FACT-SPECIFIC GROUND FOR DEPARTURE THAT MAY SPEAK TO AN INDIVIDUAL DEFENDANT'S OFFENCE, HIS CONDUCT AND HIS CHARACTER, AND NOT JUST TO FUTURE EVENTS UNRELATED TO THE DEFENDANT'S INDIVIDUAL CIRCUMSTANCES

**LIPMAN, 133 F .3d AT 731**

THE LIPMAN COURT HELD THAT IT WAS PERMISSIBLE FOR THE DISTRICT COURT TO GRANT A DOWNWARD DEPARTURE ON CULTURAL ASSIMILATION. MR. BOWEN CAME BACK TO THIS COUNTRY BECAUSE THIS IS THE ONLY COUNTRY HE REALLY KNOWS, AND ALL HIS FAMILY IS HERE HE HAS NOT SUSTAINED ANY NEW CRIMINAL CONVICTIONS SINCE HIS LAST DEPORTATION. THE DEFENDANT SUBMITS THAT THESE FACTS WARRANT A DOWNWARD DEPARTURE FROM THE CALCULATED SENTENCE RANGE.

## UNDER RECENT SUPREME COURT LAW, THE MAXIMUM PENALTY
## APPLICABLE TO THIS CASE IS TWO YEARS

ON JUNE 26, 2000, THE UNITED STATES SUPREME COURT DECIDED APPRENDI V. NEW JERSEY, ---U. S.---, 120 S. CT. AT 2348 (2000), AND A FIVE---JUSTICE MAJORITY OF THE COURT HELD THAT A FACT, OTHER THAN A PRIOR CONVICTION THAT INCREASES THE STATUTORY MAXIMUM OF AN OFFENCE IS AN ELEMENT OF THAT OFFENCE ---U.S. AT---- 120 S CT. AT 2362---63 (STEVENS, J., CONCURRING).

APPRINDI CALLS INTO QUESTION THE CONTINUING VALIDITY OF ALMENDAREZ- TORRES V. UNITED STATES, 523 U. S. 224 (1998). AIMENDAREZ-TORRES INVOLVE A DEFENDANT CHARGED – LIKE MR. BOWEN – WITH VIOLATING 8 U. S. C. §1326 SUBSECTION (b) (2) OF THE STATUE PROVIDES FOR A TWENTY – YEARS MAXIMUM PENALTY THE TWENTY YEARS MAXIUM IS TRIGGERED WHEN THE DEFENDANT HAD SUFFERED THE CONVICTION OF AN AGGRAVATED FELONY (AS DIFINED IN 8 U. S. C. §1326 (b) (2). IN ALMENDAREZ---TORRES, THE SUPEREME COURT HELD THAT THE GOVERNMENT NEED NOT CHARGE A DEFENDANT WITH VIOLATING A SPECIFIC SUBSECTION OF 8 U S C. §1326 BECAUSE THE PRIOR CONVICTION OF DEFENDANT CHARGED UNDER THAT STATUE ARE SENTENCING FACTOR, NOT ELEMENT OF THE OFFENCE 523 U. S. AT 247

IN UNITED STATES V. PACHECO---ZEPEDA,----F .3d----,2000 WL 1781662 (9TH, CIR. DEC.8, 2000), THE DEFENDANT READ APPRENDI TO LIMIT ALMENDAREZ---TORRES TO IT'S FACTS. SPECIFICALLY, THE DEFENDANT ARGUE THAT APPENDI'S REASONING AS WELL AS ITS EXPLICATION OF ALMENDAREZ---TORRES SHOWED THAT THE SUPREME COURT'S DECISION IN ALMENDAREZ---TORRES, WAS GROUNDED IN THE FACT THAT THE DEFENDANT IN THAT CASE HAD ADMITTED HIS PRIORS AT HIS CHARGE OF PLEA PROCEEDING. THE NINTH CIRCUIT DISAGREED, HOLDING THAT APPRENDI NEITHER OVERRULES ALMENDAREZ--- TORRES NOR LIMITS IT TO ITS FACTS. NOTHING, HOWEVER, THAT THE SUPREME COURT IN APPRENDI HAD EXPRESSED SERIOUS

4

RESERVATIONS ABOUT ALMENDAREZ--- TORRES. THE NINTH CIRCUIT OBSERVED THAT APPPENDI "CASTS DOUBT ON THE CONTINUING VIABILITY OF ALMENDAREZ--- TORREZ" AND STATE THAT ALMENDAREZ---TORREZ " MAY EVENTUALLY BE OVERRULE" Id AT '3.

A PETITION, FOR WRIT OF CERTIORARI IS BEING PREPARED IN PACHECO--- ZAPEDA, AND SIMILAR PETITIONS HAVE BEEN FILED IN OTHER CIRCUIT MR. BOWE UNDERSTANDS THAT THE NINTH CIRCUIT HAS SPOKEN ON THE ISSUE, BUT NEVERTHELESS, HE SEEKS TO PRESERVE IN THE EVENT THAT THE SUPREME COURT GRANT ONE OF THE PETITIONS AND EITHER LIMITS OF OVERRULES ALMENDAREZ--- TORRES.

(1)    Petitioner, Mr. Allison Noel Sowen, would like very much for the records to reflect, that Mr. Bowen, is well aware of the United States Supreme Court, purpose, which is to interpret the Founding Fathers of this Nation. Which brings me to the case of Mr. Dread Scott, who sued because He believe, rightly so, that He should be a freeman. It wasn't until 11 years later, judge Tinny, came down with the decision, which says "a black man have no right that a white man must respect". So then, Petitioner Mr. Bowen, is well aware, that even when the Courts rules wrongly against us and other minorities, they are right, because the Founding Fathers of this Nation didn't intended for us to have any right whatsoever. That is the law of this great nation, the United States.

(2)    If this Great Nation really and truly want to bring about a justice for all of its people's, or bring about a color-blind world or remedy past discrimination, as they seems to just talk about, so as to sound good. I Allison Noel Bowen-Jenkins respectfully submit, that there are many other situations in which race qua race might be seen as relevant to the pursuit of a legitimate and important governmental goal. And these includes: ensuring the presence of persons of color(minorities) on juries; taking race into account in allocating radio and television licenses; seeking none-whites to fill positions in social service agencies that deal largely with minority populations; requiring voting rules and district that improve the chances of electing minority representatives; fostering integration by adopting race-based school assignment plans and housing programs; taking measures to integrate police forces; adding minority authors to the "literary canon" taught to college students, and giving weight to the race of applicants for teaching positions in higher education. In each of these situations, the race consciousness of the program may be justified in other than remedial and color-blind terms.

## MEMORANDUM IN SUPPORT OF §2255

A PRISONER, IN CUSTODY UNDER SENTENCE OF A COURT ESTABLISHED BY ACT OF CONGRESS CLAMING THE RIGHT TO BE RELEASE UPON THE GROUND THAT THE SENTENCE WAS IMPOSED IN VIOLATION OF THE CONSTITUTION OR LAW OF THE UNITED STATES OR THAT THE COURT WAS WITH OUT JURISDICTION TO EMPOSED SUCH SENTENCE, OR THAT THE SENTENCE WAS IN EXCESS OF THE MAXIMUM AUTHORIZED BY LAW, MAY MOVE THE COURT WHICH IMPOSED THE SENTENCE TO VACATE, SET ASIDE OR CORRECT THE SENTENCE. MR. ALLISON NOEL BOWEN RESPECTFULLY SO MOVES THE COURT.

THE BASIC FOR MOVANTs PETITION FOR RELIEF IS THAT HE DID NOT RECEIVE THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE SIX AMENDMENT OF THE UNITED STATES CONSTITUTION. SPECIFICALLY, MOBVANT ASSERTS THAT HIS ATTORNEY KNEW OR SHOULD HAVE KNOWN OF THE NINTH CIRCUIT RULING IN UNITED STATES V. PACHECO—MEDINA, 212 F. 3d 1162 (9TH CIR.2000), A CASE OPPISITE TO THAT OF MOVANT, WHEREIN IT WAS RULED THAT A DEFENDANT THAT CAPTURED WHILE CLOSE TO THE BORDER AND NEVER FREE FROM OFFICIAL RESTRAINT DID NOT COMMIT THE CRIME OF ILLEGAL REENTRY IN VIOLATION OF TITLE 8 U S C §1326 (a). MOVANT'S CASE AND THE CIRCUMSTANCES OF HIS ARREST ARE VIRTUALLY INDISTINGUISHABLE FROM THAT CASE AND IT IS MOVAN'S POSITION THAT HE DID NOT COMMIT THIS CRIME. ALLISON NOEL BOWEN RESOECTFULLY SUMMIT THAT HIS ATTORNEY WAS INEFFECTIVE THROUGH HIS FAILURE TO HAVE THE CHARGE DIAMISSED.

AS A RESULTS MOVANT SUFFERED PREJUDICE THRU HIS ATTORNEY INSISTANCE THAT HE SIGN A PLEA AGREEMENT WHERE BY HE RECEIVED FORTY SEVEN MONTHS IMPROSONMENT FOR THE CRIME ILLEGAL REENTRY, A CRIME WHICH ... AS SHALL BE SEEN ... HE DID NOT COMMIT. HIS ATTORNEY WAS BY DEFINITION INEFFECTIVE.

MR. ALLISON NOEL BOWEN WAS CHARGE WITH VIOLATION OF 8 U. S. C. §1326(A). ATTEMPT ILLEGAL REENTRY FALLOWING DEPORTATION. REPORTS GENERATED BY ARRESTING LAW ENFORCEMENT OFFICIALS INDICATED THAT THE DEFENDANT WAS CAUGHT ATTEMPTING ENTERING THE UNITED STATES AT BROWNSVILLE, TEXAS PORT OF ENTRY ON **AUGUST 29, 2001**. YET THOSE SAME REPORTS INDICATED THAT THE DEFENDANT DID NOT MANAGE TO 'ENTER' THE UNITED STATES, BECAUSE HE WAS NEVER ENTERELY FREE FROM OFFICIAL RESTRAINT AND HAD NO HOPE OF ESCAPING INTO THE GENERAL POPULATION. A RECENT NINTH CIRCUIT DECISION HAS ESTABLISH EXACTLY WHAT CONSTITUTES ILLEGAL RE-ENTRY PURSUANT TO TITLE **8 U.S.C. §1326 (a)**, AND IT IS APPARENT FROM THE REPORTS GENERATED BY ARRESTING OFFICIALS IN THIS CASE THAT MR. ALLISON NOEL BOWEN DID NOT MANAGE TO COMMIT THIS CRIME.

IN ODER TO RECOGNIZE THE VALIDITY OF MOVANT ASSERTIONS IT MUST FIRST EXAMINE THE OFFENCE CONDUCT. AS THE COURT BEGINS TO CONSIDER WHETHER MR. ALLISON NOEL BOWEN COMMITTED A CRIME, IT MUST DO SO WITH THE KNOWLEDGE THAT HE WAS AN ALIEN, WHO HAD BEEN REMOVED FROM THE COUNTRY AND HE HAD AGAIN SET FOOT ON UNITED STATES SOIL. IT IS ALSO CLEAR THAT IT IS A CRIME FOR AN ALIEN TO ENTER, ATTEMPT TO ENTER, OR "AT ANY TIME (BE) FOUND IN" THE UNITED STATES AFTER HAVING ONCE BEEN DEPRTED FROM THIS COUNTRY. 8 U.S.C. §1326 (a). THUS, A GENERAL READING WOULD SUGGEST THAT MR. ALLISON NOEL BOWEN DID COMMIT THE CRIME BECAUSE HE SURELY LEFT MEXICO FOR THE UNITED STATES, HE JUST WAS FOUND ON OUR SOIL AFTER HE CAME OVER THE BOARDER BRIDGE. BUT AS A MATTER OF LAW IT IS NOT THAT QUITE EASY BECAUSE PHYSICAL PRESENCE IS NOT ENOUGH. THAT IT MUST CLEARLY SHOWN IN THE CONCEPT OF "ENTRY" A CONCEPT WHICH HAS A LONG JUDICIAL HISTORY, AS THE SUPREME COURT HAS POINTED OUT " (T) HE DEFINITION OF "ENTRY" AS APPLIED FOR VARIOUS PURPOSES IN OUR IMMIGRATION LAWS WAS INVOLVED JUDICIALLY. ROSENBERG V. FLUETI 374 U.S. 449, 455, 83 S.CT.1804, 1807, 10 L. ED. 2D 1000 (1963.) THE DEFINITION DID

7

NOT ENTER THE IMMIGRATION STATUS UNTIL **1952. SEE, ID.** THE MOTION WAS EXPRESSED IN A 1908 CASE WHERE ALIENS HAD CROSSED THE BORDER AND PRECEDED FOR A QUARTER OF MILE ALONG RAILROAD TRACKS, BUT HAD BEEN UNDER THE SURVEILLANCE OF BORDER INSPECTORS FROM BEFORE THE TIME THEY CROSSED UNTIL THEIR ACTUAL PHYSICAL CAPTURES  SEE. **EX PARTE CHOW CHOK, 161 F. 627, 628-29 (N.D.N.Y.). AFF D., 1021 (CIR. 1908).** THE COURT SAID THAT THE ALIENS HAD NOT ENTERED AT ALL  ON THE COUNTRARY·

"THEY WERE NOT" PERMITTED TO ENTER" OR ALLOWED TO ENTER, WITHIN THE MEANING AND INTENT OF THE LAW. " ENTER" MEANS MORE THAN THE MEAR ACT OF CROSSING THE BORDERLINE  THOSE WHO SEEK TO ENTER IN THE SENSE OF THE LAW AND THOSE THE POLICY OF THE LAW SEEKS TO PREVENT FROM ENTERING ARE THOSE WHO COME TO STAY PERMANENTLY, OR FOR A PERIOD OF TIME, OR TO GO AT LARGE AND AT WILL WITHIN THE UNITED STATES  THESE PERSONS, ON ENTERING. WERE AT ONCE SURROUNDED BY OFFICERS. SILENTLY TAKEN IN CHARGE, IN EFFECT ARRESTED, AND FROM THAT TIME EFFECTUALLY DEPRIVED OF THEIR LIBERTY AND PREVENTED FROM GOING AT LARGE WITHIN THE UNITED" STATES."

Id. AT 630 SEE ALSO, **ZHANG V. STATTERY 55 F. 3d 732, 754, 755, (2nd CIR. 1995); CORREA V. THORNBURGH, 901 F. 2d 1166, 1171-72 (2ND. CIR.1980)**

. THE BOARD OF IMMIGRATION APPEALS HAS REPEATED THE THEME. SEE, **MATTER OF PIERRE 141. & N. DEC. 467 (1973).** IN THAT CASE THE BIA MADE IT CLEAR THAT, AS RELEVANT HERE, BEFORE HE CAN BE SAID TO HAVE ENTERD, **AN ALIEN MUST BE FREE FROM RESTRAINT. SEE, ID, AT 468.** MORE PARTYCULARLY, "(t) HE RESTRAINT MAY TAKE THE FORM OR SURVEILLANCE UNBEKNOWNST TO THE ALIENS; HE HAS STILL NOT MADE AN ENTRY DESPITE HAVING BEEN CROSSED THE BORDER WITH THE INTENSION OF EVADING INSPEVTIONS. BECAUSE HE LACKS THE FREEDOM TO GO AT LARGE AND MIX WITH THE POPULATION" **Id. AT 469.** THE THEME HAS ALSO BEEN USED BY OTHER CIRCUITS. SEE YI YANG V. MAUGANS, 68 F. 3d 1540, 1549-50 (3rd. CIR. 1995), UNITED STATES V. KAVASANJIAN, 623 F. 2d 730, 736-37 (1st .CIR. 1980).

THE NINETH CIRCUIT HAS DEAL EXTENSIVELY WITH CASES LIKE THE CASE AT BAR. UNITED STATES V. CSCAR 496 F2d 492 (9TH. CIR. 1974) DEAL WITH ILLEGAL REENTRY WITH REGARD TO PRIMARY AND SECONDARY INSPECTION

POINTS. UNITED STATES V. MARTIN PLASCENCIA, 532 F, 2d 1316 (9TH. CIR.1976), EXAMINE THE CASE OF AN ALIEN WHO NOT ONLY MANAGE TO GET OVER THE FENCE BUT FOR A TIME OUT OF DIRECT SIGHT OF IMMIGRATION OFFICIALS. AND UNITED STATES V. AGUILAR, 883 F2d 662 (9TH. CIR. 1989), ADDRESS A SCENARIO WHERE THE ALIEN WAS UNDER AN EXTENDED PERIOD OF SURVEILLANCE BUT THE MOST DEFINITIVE RULING. ISSUED MONTHS AGO, IS PERHAPS MOST OPPOSITE TO CAPTION CASE.

IN UNITED STATES V. PACHECO- MEDINA, 212 F. 3d 1162 (9TH. CIR. 2000). IT WAS RULED THAT A DEFENDANT, WHO WAS CAPTURED WITHIN A FEW YARDS OF THE BORDER ARTER CLIMBING AN INTERNATIONAL BOUNDARY FENCE DID NOT ACTUALLY MANAGE TO "ENTER" THE UNITED STATES, AS REQUIRED TO SUPPORT A CONVICTION OF BEEN FOUND IN THE UNITED STATES AFTER HE HAS BEEN DEPORTED. BECAUSE THE DEFENDANT WAS NEVER FREE FROM OFFICIAL RESTRAINT 'd. AT 1163-66.

APPENDED HERETO ARTE THE ARREST REPORTS WHICH DESCRIBE THE CIRCUMSTANCES OF MR. ALLISON NOEL BOWEN ARREST BY LAW ENFORCEMENT ORRICIALS. IT CAN BE SEEN THAT THE CIRCUMSTANCES OF HIS ARREST DO NOT DIFFER SIGNIFICANTLY FROM THOSE OF PACHECO— MEDINA CASE IN SALIENT DETAIL. MR. ALLISON NOEL BOWEN WAS NEVER FREE FROM OFFICIAL RESTRAINS IN LEGAL CONTEMPLATION HE DID NOT "ENTER" THE UNITED STATES, AND IN ACCORDENCE WITH JUDICIAL PRECEDENT THERE WAS NOT ENOUGH IN THE ARREST REPORTS TO SUPPORT A CONVICTION OF ATTEMPT ILLEGAL REENTRY.

THE PACHECO- MEDINA DECISION WAS FILED MAY 16TH, 2000. MOVANT WAS SENTENCE FEBRUARY 5TH, 2001 MOVANT'S ATTORNEY KNEW OR SHOULD HAVE KNOWN OF THIS RULING AND ITS APPLICABILITY TO MR ALLISON NOEL BOWEN

GIVEN THE CIRCUMSTANCES OF MOVANT'S ARREST, THIS ATTORNEY SHOULD HAVE MOVE TO STRIKE THE CHARGE OF ATTEMPT ILLEGAL REENTRY BUT HE DID NOT, INSTEAD INDUCING HIM TO PLEA GUILTY TO THE CHARGE AND SIGN A PLEA AGREEMENT WHEREBY HE WOULD BE SENTENCE TO 46 MONTHS

9

IMPRISONMENT. THE CASE AND PREJUDICE PRONGS OF **STRICKLAND** ARE MANIFESTLY ESTABLISHED.

THE COURT IS THEREFORE DEFERENTIALLY URGED TO VACATE MOVANT'S CONVICTION AND SENTENCE FOR A VIOLATION OF TITLE 8 U. S. C. 1326(a). IN LIGHT OF THE **PACHECO- MEDINA** RULING AND THE EFFECTIVE ASSISTANCE OF COUNSEL CLAIM AS PRESENTED HEREIN ANYTHING LESS THAN THIS WOULD BE AN INJUSTICE

PETITIONER Mr. Allison Noel Bowen, respectfully submit that he was charged under Title 8 U.S.C. § 1326 (a), which includes illegal re-entry after deportation. Therefore whether it is attempt illegal re-entry, or illegal re-entry, it all falls under 8 U.S.C. §1326. and Petitioner respectfully submits, that the *Supreme Court addresses 8 U.S.C. § 1326.*

THE DEFINITION OF "ENTRY" AS APPLIED FOR VARIOUS PURPOSES IN OUR IMMIGRATION LAWS WAS INVOLVED JUDICIALLY" **ROSENBERG V, FLUETI 374 U.S. 449, 453, 83 S.CT.1804, 1807, 10 L. ED. 2D 1000 (1963.)** THE DEFINITION DID NOT ENTER THE IMMIGRATION STATUS UNTIL **1952. SEE, ID.** THE MOTION WAS EXPRESSED IN A **1908** CASE WHERE ALIENS HAD CROSSED THE BORDER AND PRECEDED FOR A QUARTER OF MILE ALONG RAILROAD TRACKS, BUT HAD BEEN UNDER THE SURVEILLANCE OF BORDER INSPECTORS FROM BEFORE THE TIME THEY CROSSED UNTIL THEIR ACTUAL PHYSICAL CAPTURES. SEE, **EX PARTE CHOW CHOK  161 F. 627, 628-29 (N.D.N.Y.), AFF D., 1021 (CIR. 1908).** THE COURT SAID THAT THE ALIENS HAD NOT ENTERED AT ALL.  ON THE COUNTRARY.

"THEY WERE NOT" PERMITTED TO ENTER" OR ALLOWED TO ENTER, WITHIN THE MEANING AND INTENT OF THE LAW. " ENTER" MEANS MORE THAN THE MEAR ACT OF CROSSING THE BORDERLINE. THOSE WHO SEEK TO ENTER IN THE SENSE OF THE LAW AND THOSE THE POLICY OF THE LAW SEEKS TO PREVENT FROM ENTERING ARE THOSE WHO COME TO STAY PERMANENTLY, OR FOR A PERIOD OF TIME, OR TO GO AT LARGE AND AT WILL WITHIN, THE UNITED STATES. THESE PERSONS, ON ENTERING, WERE AT ONCE SURROUNDED BY OFFICERS, SILENTLY TAKEN IN CHARGE, IN EFFECT ARRESTED, AND FROM THAT TIME EFFECTUALLY DEPRIVED OF

10

THEIR LIBERTY AND PREVENTED FROM GOING AT LARGE WITHIN THE UNITED
STATES."

Petitioner, would like to submit an example to this Honorable Court, with much respect. When this Court, or any other court, Order a diffident to pay X amount of money, I submit, that if the defendant attempt to pay that sum, the court will not accept that attempt as the sum is paid. But in the same token this Petitioner, has been charged with attempt reentry, and the court accept it, as if Petitioner "Enter". Even in light of the Supreme Court Ruling, that, mere crossing the border is not reentry.

## CONCLUSION

WHEREFORE, PETITIONER RESPECTFULLY PRAYS THAT THIS HONORABLE COURT GRANTS HIM THE FOLLOWING RELIEF:

FOR THE ABOVE LISTED REASONS, THE DEFENDANT ALLISON NOEL BOWEN REQUEST THAT THIS COURT SENTENCE MR. BOWEN TO NO MORE THAN 24 MONTHS IMPROSINMENT TWENTY-FOUR MONTHS IMPRISONMENT FOR THE OFFENCE OF ATTEMPT ILLEGALLY RE-ENTRING THIS COUNTRY IS MORE THAN SUFFICIENT PUNISHMENT, AND SERVES THE PURPOSES OF PUNISHMENT AS SET FORTH IN 18 U.S.C. § 3553 (A).

1   ACCEPT JURISDICTION TO RULE IN THE FOLLOWING MOTION;
2   ISSUED AN ORDER ACCEPTING PETITIONER'S CLAIMS HEREIN PRESENTED REBUTTING IN SUPPORT OF §2255.
3   ISSUED AN ORDER RESQUESTING AN EVIDENTIARY HEARING MAY DETERMINED THE CLAIMS PRESENTED ON THE MOTION TO VACATE; AND

ANYOTHER RELIEF THIS HONORABLE COURT DEEMS AS PROPER TO GRANT THE PETITIONER.

EXCUTED THIS 6TH, DAY OF APRIL 2004.

RESPECTFULLY SUBMITTED, _____

ALLISON NOEL BOWEN
REG. NO. 11501-179
1801 WEST I-20
BIG SPRIN TEXAS 79720

11