United States District Court
Southern D:     f Texas

APR 2 6 2004

Michael N. ...ilby
Clerk of Court

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS

### BROWNSVILLE DIVISION

B-03-CV-032

| | |
|---|---|
| IN THE MATTER OF: § | CASE NO: CR-B-01-488 |
| § | |
| ALLISON NOEL BOWEN § | I.N.S. NO: A-77524512 |
| § | A-38608847 |
| § | |
| § | |
| APPLICANT. § | |

## IN REMOVAL PROCEEDINGS

## MOTION TO SHOW CAUSE AND APPLICATION FOR WAIVER OF DEPORTATION UNDER § 212 (c)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ALLISON NOEL BOWEN, PETITIONER, THROUGH PRO-SE REPRESENTATION AND SUBMITS THIS HIS MOTION TO SHOW CAUSE AND APPLICATION FOR WAIVER OF DEPORTATION UNDER SECTION 212 (c) OF THE IMMIGRATION ACT, AND WOULD SHOW THIS HONORABLE COURT AS FOLLOW:

AT THIS TIME, APPLICANT WOULD LIKE TO INVOKE THE UNITED STATES SUPREME COURT DECISION ON **HAYNES VS. KERNER**, 404-U.S.- 30 L Ed. 2d. 519 (1975) WHEREIN THE COURT HELD THAT ALLEGATIONS OF A PRO-SE COMPLAINT TO LESS STRINGENT STANDARDS THAN FORMAL PLEADINGS DRAFTED BY LAWYERS, AND WOULD RESPECTFULLY REQUEST THIS HONORABLE COURT TO CONSTRUE THIS APPLICATION LIBERALLY WHICH IS BASED ON THE NEW UNITED STATES SUPREME COURT DECISION IN **I.N.S. VS. ST. CYR**, U.S. No.: 00-763 DECIDED JUNE 25TH, 2001.

## BACKGROUND

PETITIONER IS A 47 YEAR OLD MALE, NATIVE AND CITIZEN OF BELIZE. HE FIRST CAME TO THE UNITED STATES IN OR ABOUT SEPTEMBER 1977 AND HE WAS LAWFULLY GRANTED PERMANENT RESIDENT ON OR ABOUT JUNE 1984 TO THE UNITED STATES UNDER EITHER § 245 A OR § 210 INA. AS A LAWFUL PERMANENT RESIDENT.

PETITIONER HAS AN IMMEDIATE FAMILY OF THREE (3) SONS AGES 23, 18, AND 2. WHO ARE UNITED STATES CITIZENS.

ON 2 5 2001, APPLICANT WAS CONVICTED FOR A VIOLATION OF TITLE 8 U.S.C. § 1326 (a), (b)(1) & (2) AND WAS SENTENCED TO A TERM OF 46 MONTHS OF IMPRISONMENT.

APPLICANT WAS PLACED IN REMOVAL PROCEEDINGS BY THE ISSUANCE OF NOTICE TO APPEAR (NTA) APPLICANT WAS ADVISED OF HIS RIGHT TO BE REPRESENTED BY AN ATTORNEY OF HIS OWN CHARGE AT HIS OWN EXPENSE. GIVEN A LIST OF FREE LEGAL SERVICES

THE UNITED STATES SUPREME COURT RULED IN I.N.S. VS. ST. CYR, 533 U.S. 289 (2001) THAT ALIENS WHO WERE ELIGIBLE FOR A WAIVER UNDER § 212 (c) AT THE TIME THEY PLED GUILTY TO THE OFFENSE WHICH RENDERED THEM DEPORTABLE, MAY NOW APPLY FOR THE WAIVER.

IT IS CLEAR ON THE RECORD THE FACT THAT THIS APPLICANT IS ELIGIBLE FOR A § 212 (c) WAIVER SINCE AT THE TIME THAT HE COMMITTED THE OFFENSE, THE ACT HAD NOT BEEN AMENDED BY THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996 (AEDPA).

THE SUPREME COURT ALSO STATED THAT THE IIRIRA'S ELIMINATION OF ANY POSSIBILITY OF § 212 (c) RELIEF FOR PEOPLE WHO ENTERED INTO PLEA AGREEMENTS WITH THE EXPECTATION THAT THEY WOULD BE ELIGIBLE FOR SUCH RELIEF CLEARLY ATTACHES A NEW DISABILITY WITH RESPECT TO TRANSACTIONS OR CONSIDERATIONS ALREADY PAST. IT CONTINUED THAT GIVEN THE FREQUENCY WITH WHICH § 212 (c) RELIEF WAS GRANTED IN THE PAST IT WOULD OFFERED ESTABLISHED CONSIDERATIONS AT FAIR NOTICE REASONABLE RELIANCE AND SETTLE EXPECTATIONS TO HOLD THAT THE

IIRIRA'S SUBSEQUENT RESTRICTIONS DEPRIVE THEM OF ANY POSSIBILITY OF SUCH RELIEF.

PRIOR TO 1996 AN ALIEN WHO WAS DETERMINED TO BE DEPORTABLE COULD APPLY TO THE ATTORNEY GENERAL FOR A WAIVER OF DEPORTATION UNDER § 212 (c) OF THE IMMIGRATION AND NATIONALITY ACT (8 U.S.C. § 1182 (c)) AND MORE THAN HALF OF THE ALIENS WHO APPLIED FOR SUCH DISCRETIONARY RELIEF WERE GRANTED WAIVERS.

IN ST. CYR IT WAS HELD THAT IMMIGRANTS DO NOT FACE AUTOMATIC DEPORTATION, WITH NO RIGHTS OF JUDICIAL REVIEW BUT CAN STILL SEEK EXEMPTIONS UNDER THE OLD RULES.

THERE COULD BE NO QUESTION THAT APPLICANT REALLY FALLS WITHIN THE SAME CIRCUMSTANCES OF ST. CYR. THEREFORE APPLICANT RESPECTFULLY REQUEST THIS HONORABLE COURT TO TAKE INTO CONSIDERATION. WHILE MAKING A FINAL DETERMINATION CONSIDERING THE FACTORS SET FORTH ON I.N.S. VS. ST. CYR, 533 - U.S. - 289 (2001).

## CONCLUSION

FOR THE FOREGOING REASONS APPLICANT PRAYS THAT THIS HONORABLE COURT WOULD GRANT THE RELIEF HEREIN REQUESTED AND/OR ANY OTHER RELIEF FOR WHICH THIS HONORABLE COURT MAY DEEM JUST AND PROPER.

ON THIS DAY 6th, OF THIS MONTH OF MARCH, OF THIS YEAR 2004.

RESPECTFULLY SUBMITTED,

**ALLISON NOEL BOWEN**
**REG. NO. 11501-179**
**1801 WEST I-20**
**BIG SPRING. TX 79720**

14

PETITIONER. MR. ALLISON NOEL BOWEN, WITH MUCH RESPECT, WOULD LIKE TO CLEAR UP THE UNDERSTANDABLE CONFUSION REGARDING WHETHER MR. BOWEN IS SEEKING TO AVIOD DEPORTATION AFTER HIS IMPRESIONMENT FOR THE (SO-CALLED) ATTEMPT ILEGAL RE-ENTRY OR WETHER HE IS ATTACKING THE UNDERLYING DEPORTATION THAT SUPPORTED HIS PRESENT CONVICTION.

PETITIONER. CONTENDS HE IS "**ELIGIBLE**" FOR 212 (C) WAIVER SINCE AT THE TIME HE COMMITTED THE OFFENCE. AND THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996 WAS NOT YET IN EFFECT.

PETITIONER. MR. ALLISON NOEL BOWEN (JENKINS) WAS CONVICTED ROUND ABOUT 1986. I.N.S. WAITED 10 YEARS. UNTIL THE (A.E.D.P.A.) (IIRIRA'S) OF 1996, BEFORE THEY STARTED DEPORTATION PROCEEDINGS AGAINST MR. BOWEN. MR. BOWEN BELIEVES AND RIGHTLY SO. THAT HE WAS CONVECTED UNDER THE OLD LAW AND THEREFORE. WITH ALL FAIRNESS TO THE LAWS OF THIS COUNTRY. MR. BOWEN SHOULD HAD GIVEN THE RIGHT TO 212 (C) RELIEF.

FURTHER MORE., ROUND ABOUT JUNE OF 2001, IT IS PETITIONER UNDERSTANDING THAT THE RECTROACTIVE LAW WAS CHANGE BACK. THEREFORE IN THAT LIGHT MR. BOWEN BELIEVES THAT HE SHOULD HAD NEVER BEEN DEPORTED IN THE FIRST PLACE. AND THAT THE FIRST WRONGFUL DEPORTATION SHOULD BE NUL AND VOID. AND IF THE FIRST DEPORTATION IS NUL AND VIOD. THERE SHOULD NEVER HAD BEEN AN ATTEMPTED ILEGAL RE-ENTRY CHARGE.

GIVEN THE FREQUENCY WITH WHICH § 212 (c) RELIEF WAS GRANTED IN THE PAST IT WOULD OFFERED ESTABLISHED CONSIDERATIONS AT FAIR NOTICE REASONABLE RELIANCE AND SETTLE EXPECTATIONS TO HOLD THAT THE IIRIRA'S SUBSEQUENT RESTRICTIONS DEPRIVE THEM OF ANY POSSIBILITY OF SUCH RELIEF.

PRIOR TO 1996 AN ALIEN WHO WAS DETERMINED TO BE DEPORTABLE COULD APPLY TO THE ATTORNEY GENERAL FOR A WAIVER OF DEPORTATION UNDER § 212 (c) OF THE IMMIGRATION AND NATIONALITY ACT (8 U.S.C. § 1182 (c)) AND MORE THAN HALF OF THE ALIENS WHO APPLIED FOR SUCH DISCRETIONARY RELIEF WERE GRANTED WAIVERS.

IN ST. CYR IT WAS HELD THAT IMMIGRANTS DO NOT FACE AUTOMATIC DEPORTATION, WITH NO RIGHTS OF JUDICIAL REVIEW <u>BUT CAN STILL SEEK EXEMPTIONS UNDER THE OLD RULES.</u>

THERE COULD BE NO QUESTION THAT APPLICANT REALLY FALLS WITHIN THE SAME CIRCUMSTANCES OF ST. CYR. THEREFORE APPLICANT RESPECTFULLY REQUEST THIS HONORABLE COURT TO TAKE INTO CONSIDERATION, WHILE MAKING A FINAL DETERMINATION CONSIDERING THE FACTORS SET FORTH ON <u>I.N.S. VS. ST. CYR,</u> 533 U.S. 289 (2001).

## CONCLUSION

WHEREFORE, PETITIONER RESPECTFULLY PRAYS THAT THIS HONORABLE COURT GRANTS HIM THE FOLLOWING RELIEF:

FOR THE ABOVE LISTED REASONS, THE DEFENDANT ALLISON NOEL BOWEN REQUEST THAT THIS COURT SENTENCE MR BOWEN TO NO MORE THAN 24 MONTHS IMPROSINMENT TWENTY-FOUR MONTHS IMPRISONMENT FOR THE OFFENCE OF ATTEMPT ILLEGALLY RE-ENTRING THIS COUNTRY IS MORE THAN SUFFICIENT PUNISHMENT, AND SERVES THE PURPOSES OF PUNISHMENT AS SET FORTH IN 18 U.S.C. § 3553 (A).

4   ACCEPT JURISDICTION TO RULE IN THE FOLLOWING MOTION;

5   ISSUED AN ORDER ACCEPTING PETITIONER'S CLAIMS HEREIN PRESENTED REBUTTING IN SUPPORT OF §2255.

6   ISSUED AN ORDER RESQUESTING AN EVIDENTIARY HEARING MAY DETERMINED THE CLAIMS PRESENTED ON THE MOTION TO VACATE; AND

ANYOTHER RELIEF THIS HONORABLE COURT DEEMS AS PROPER TO GRANT THE PETITIONER.

EXCUTED THIS 6TH, DAY OFAPRIL 2004.

RESPECTFULLY SUBMITTED. _(signature)_

ALLISON NOEL BOWEN

REG. NO. 11501-179

1801 WEST I-20

BIG SPRINTEXAS 79720

16